On petition for review filed December 9, 1988, petition for review allowed, the decision of the Court of Appeals vacated and case remanded to Court of Appeals for further proceedings April 4, 1989

STATE OF OREGON,
*Respondent on Review,*

*v.*

DAVID B. BONNER,
*Petitioner on Review.*

(TC CM87-0053, CM87-0085, CM87-0087, CM87-0088, CM87-0094; CA A44864 (Control), A44865, A45413, A45414 and A45415; SC S35774)

771 P2d 272

Sally L. Avera, Deputy Public Defender, filed the petition on behalf of the petitioner on review. With her on the petition was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, filed the respondent's answers to questions presented. With him on the answers were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

PER CURIAM

## PER CURIAM

This is a criminal case involving a consolidated appeal from five convictions for burglary in the first degree. The Court of Appeals affirmed the convictions without opinion. In his petition to this court defendant contends, *inter alia,* that the trial court erred in ordering him to sell particular assets and to pay restitution from the proceeds of the sales. We have determined that there are no final judgments in the underlying burglary cases and, therefore, defendant's appeals were premature. We allow review, vacate the decision of the Court of Appeals and remand the case to that court with instructions to remand the case to the trial court for entry of an appealable judgment or judgments.

In each of the underlying burglary convictions, the last document[1] entered before notice of appeal was filed indicates that restitution is being ordered in an amount to be set after a later hearing. We asked the parties to brief the question of the effect, for the purposes of appealability, of this state of the record. The parties have supplied helpful memoranda. We conclude that the appeal in each case was premature.

■ Normally, an appeal in a criminal case is taken from a judgment.[2] Judgment in a criminal case must be pronounced in open court. ORS 137.020 and 137.030. ORS 137.170 provides that a "judgment *on a* conviction" (emphasis supplied) shall be entered in the register. This court has previously held that a "judgment *of* conviction" (emphasis supplied) in a death penalty case must be in writing. *State v. McDonnell,* 306 Or 579, 761 P2d 921 (1988). Although the statute construed in *McDonnell* (ORS 163.150(1)(f)) was enacted later than ORS 137.170, the fact that the register itself is in writing dictates a parallel construction. We hold that these virtually identical

---

[1] In three of the cases there is a document titled "Sentence and Judgment Order." In the other two, there is a "Trial Order." However denominated, all these documents indicate in one way or another that defendant has been convicted of burglary and that he will be required, after a future hearing, to pay an amount as restitution. All the orders actually setting an amount of restitution in each of these cases were entered after notices of appeal in the cases already had been filed.

[2] ORS 138.040 provides in part:

"The defendant may appeal to the Court of Appeals from a judgment on a conviction in a district or circuit court * * *."

provisions of law require the same thing, *viz.*, a written document.[3]

The judgment contains the sentence, if any. ORS 137.010(5). Restitution, when it is ordered, is a part of the sentence. ORS 137.106(1). It follows that, if the final document from which an appeal is taken in a criminal case, whether denominated "judgment" or something else, states on its face that the trial court intends to impose restitution at some future date, that document is not a "judgment" from which an appeal may be taken under ORS 138.040 because it does not yet contain the complete sentence.

■ As noted, that is the case here. All the documents from which each appeal was taken indicate that the sentence in each case had not been completely imposed—restitution was to be set at a given future date. It is true that the trial court did impose restitution in each case later, but the orders doing so came after defendant's appeals had divested the court of jurisdiction. *See Ellis v. Roberts,* 302 Or 6, 8-10, 725 P2d 886 (1986). The appeals in these cases were not taken from appealable judgments.

The Court of Appeals erred in hearing and determining these consolidated appeals on the merits without first following the procedure outlined in ORS 19.033(4).[4] On remand, the Court of Appeals should follow that procedure.

The petition for review is allowed. The decision of the Court of Appeals is vacated and the case is remanded to the

---

[3] Other statutes suggesting that the judgment in a criminal case must be in writing include ORS 136.535 (providing that certain motions must be filed "within five days after the filing of the judgment"—"filing" being hard to imagine if the judgment is not in writing); ORS 137.560 (providing for copies of orders suspending, imposing or executing sentence); ORS 137.715 (providing that a judgment of conviction releasing a defendant will be delivered promptly to the sheriff).

[4] ORS 19.033(4) provides:

"(4) Notwithstanding the filing of a notice of appeal, the trial court shall have jurisdiction, with leave of the appellate court, to enter an appealable judgment if the appellate court determines that:

"(a) At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and

"(b) The judgment from which the appeal is taken is defective in form or was entered at a time when the trial court did not have jurisdiction of the cause under subsection (1) of this section, or the trial court had not yet entered an appealable judgment."

Court of Appeals for further proceedings consistent with this opinion.