Argued and submitted March 7, certified questions answered May 16, reconsideration denied June 27, 1989

# HELLER,
### *Appellant,*

*v.*

# EBB AUTO CO. et al,
### *Respondents.*

## (No. 87-3575; DC CV 86-1163-FR; SC S35563)

774 P2d 1089

William F. Hoelscher, of Hoelscher & Associates, Portland, argued the cause and filed a brief for appellant.

Barbee B. Lyon, of Tonkon, Torp, Galen, Marmaduke & Booth, Portland, argued the cause and filed a brief for respondent Ebb Auto Co., dba Ron Tonkin Mitsubishi.

Janet Metcalf, Assistant Attorney General, Salem, argued the cause and filed a memorandum for State of Oregon, Department of Human Resources. With her on the memorandum were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Peterson, Chief Justice, and Linde, Carson, Jones, Van Hoomissen and Fadeley, Justices.

LINDE, J.

## LINDE, J.

The United States Court of Appeals for the Ninth Circuit has certified to this court three questions concerning the preclusive effect that denial of plaintiff's Oregon unemployment compensation claim, affirmed without opinion by the Oregon Court of Appeals, 80 Or App 153, 721 P2d 482 (1986), may have on a federal suit that plaintiff brought against his former employer under Title VII of the Civil Rights Act of 1964, 42 USC §§ 2000e to 2000e-17. The questions arose in the following setting.

Defendant Ebb Auto Company dismissed plaintiff from his position as assistant sales manager after he failed to attend a sales meeting on a Friday morning when all sales personnel had been told to be present. Plaintiff's supervisor earlier had granted him permission to take the morning off for a ceremony marking the conversion of plaintiff's wife and children to Judaism. That permission was revoked on the preceding Thursday because of the sales meeting. Having arranged the conversion ceremony for Friday morning, plaintiff told his supervisor that he must miss the meeting, and he was immediately discharged.

After plaintiff filed for state unemployment compensation benefits, the hearing referee found that plaintiff's decision to miss the meeting was "willful misconduct," see ORS 657.176(2)(a); OAR 471-30-038(3), and denied plaintiff's claim. Although plaintiff pointed out to the referee that he missed the meeting for religious reasons, he did not argue that defendant was required to make reasonable accommodation to his religious beliefs under Title VII.[1] The referee's opinion makes no reference to this issue.

From this point on, everything turns on inferences from official silence. Plaintiff appealed the referee's decision to the Oregon Employment Appeals Board, which denied his claim without opinion. Again, plaintiff did not argue that defendant had failed reasonably to accommodate his religion.

---

[1] An employer may not discriminate on the basis of any aspect of religious observance or practice, unless the employer "demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." Title VII, § 701(j), 42 USC § 2000e(j) (1982).

After this denial, plaintiff, represented for the first time by counsel, asserted in a petition for reconsideration that his refusal to attend the sales meeting was a justified exercise of his rights under Title VII and therefore could not constitute wilful misconduct. The Board denied the petition without opinion. Plaintiff renewed the argument on judicial review, but the Oregon Court of Appeals in turn affirmed the Board's decisions without opinion. On the strength of that affirmance, the United States District Court held that plaintiff was precluded from litigating his claim of religious discrimination in his federal Title VII suit and dismissed the suit. Plaintiff's appeal brought us the questions from the United States Court of Appeals.

The court's questions, set out in full in the margin, in essence ask: (1) Could the Court of Appeals consider plaintiff's statutory claim of discrimination when raised for the first time in that court, and, if so, can one determine whether the court considered the claim, given its affirmance without opinion of the Board's denial of unemployment benefits? (2) Did the hearing referee and the Board, in deciding that plaintiff's employer had good cause to discharge him for misconduct, necessarily conclude that the employer had attempted a reasonable accommodation of plaintiff's religious beliefs? (3) Would the Board's proceedings and decision alone, when affirmed by the Court of Appeals without opinion, preclude litigation in an Oregon court of a Title VII claim alleging failure reasonably to accommodate plaintiff's religious beliefs?[2]

---

[2] The Ninth Circuit certified the following questions:

"1. In an appeal to the Oregon Court of Appeals from a denial of unemployment compensation benefits by the EAB, can that court hear a statutory claim of employment discrimination raised by the employee for the first time on appeal to that court? If so, can it be determined whether the Oregon Court of Appeals did so if it affirms the decision of the EAB without opinion?

"2. In a proceeding before the Employment Division, if the hearing referee and then the EAB determine that an employee was discharged for 'willful misconduct,' and if the employee had raised the issue of the free exercise of religion at both administrative levels but had not raised the issue of a Title VII violation and the duty to make reasonable accommodations until after the EAB denied his claim, must the hearing referee and EAB have also concluded that the employer had proven by a preponderance of the evidence that it had first attempted a reasonable accommodation of the employee's religious beliefs prior to discharging him[?]

"3. Under the same facts as above, would a decision by the EAB that an

The questions, in short, concern this state's law of preclusion, specifically what effect an Oregon court dealing with a Title VII claim would give to the course of the prior unemployment compensation proceeding. This matters because federal courts may not relitigate a Title VII claim previously decided by a state agency and reviewed by a state court, nor an issue so decided, if the later litigation would be precluded in the state's courts. *Kremer v. Chemical Construction Corp.*, 456 US 461, 102 S Ct 1883, 72 L Ed 2d 262 (1982); *see Cooper v. North Olmsted*, 795 F2d 1265 (6th Cir 1986) (concerning issue preclusion by a prior unemployment decision). The short answer to the questions is that this plaintiff's claim would not be precluded, because neither the Board nor the Oregon Court of Appeals was legally obliged to decide the merits of the Title VII "accommodation" standard when it was belatedly invoked in the unemployment compensation proceeding (although they could have done so), and there is no way to determine whether the Board or the court decided the merits.

To preclude later relitigation of an issue, the issue must have been decided and been necessary to the decision. *See* ORS 43.160;[3] *Chavez v. Boise Cascade Corp.*, 307 Or 632, 634, 772 P2d 409 (1989); *State Farm Fire and Cas. v. Reuter*, 299 Or 155, 157, 700 P2d 236 (1985). Here the referee might have considered whether defendant failed to attempt the

employee engaged in 'willful misconduct,' which decision is later affirmed without opinion by the Oregon Court of Appeals, be entitled to preclusive effect in a subsequent Title VII suit filed in state court by the employee against his employer where (a) the employee alleges in that suit that the employer failed to make a reasonable accommodation of his religious beliefs, and (b) no evidence of any proceedings before the Employment Division and EAB is introduced in that suit, the only evidence as to those proceedings consisting of the decisions issued as a result thereof (copies of which are attached hereto)?"

The parties note that the first question is factually wrong because plaintiff raised the Title VII argument in his petition for reconsideration before the Board, and that, contrary to assumption (b) of the third question, the present record includes the transcript of the hearing before the referee and plaintiff's petition for reconsideration to the Board, as well as the decisions. Our answers take these points into account.

[3] ORS 43.160 provides:

"That only is determined by a former judgment, decree or order which appears upon its face to have been so determined or which was actually and necessarily included therein or necessary thereto."

accommodation required by Title VII in the course of determining whether plaintiff's unauthorized absence was "misconduct." But without any reason to think that the referee was aware of that legal issue, no decision of that issue can be implied from the denial of compensation.

Unemployment compensation hearings are relatively informal proceedings at which claimants often appear without legal counsel, as in this case. *See, e.g., Dennis v. Employment Div.,* 302 Or 160, 728 P2d 12 (1986); *Hyde v. Employment Division,* 302 Or 171, 728 P2d 19 (1986). A referee has the responsibility to make a record showing "a full and fair inquiry into the facts necessary for consideration of all issues properly before the referee," ORS 657.270(5), *see* OAR 471-30-039(3) (administrative decision to state issues decided and facts, reasoning, and conclusions necessary for clarity and understanding); but we cannot infer that the referee actually decided a Title VII "accommodation" issue when no consideration of that issue appears in the record. The referee stated that although "the employer could have shown more sensitivity to the significance of the conversion ceremony, the referee is convinced that the claimant could have taken reasonable steps to avoid the confrontation." The statement rather negates any belief that the employer had a legal duty to attempt to accommodate plaintiff's religious purpose.

Similarly, although the Board may decide the merits of a compensation claim anew on the referee's record, *see* OAR 472-10-020(1)(b) and (c); *Dennis v. Employment Div., supra,* 302 Or at 169, its affirmance without opinion gives no hint that it independently identified, considered, and decided this issue. When the issue was raised in plaintiff's petition for reconsideration, the Board had discretion whether to reopen the case. ORS 657.290(3).[4] The Board may have denied the petition because it thought Title VII did not bear on "misconduct," or because it thought that the "accommodation" standard was not violated, or because the record was insufficient to decide that question, or simply because, in its discretion, it

---

[4] ORS 657.290(3) provides:

"The Employment Appeals Board upon its own motion or upon application of any party in interest may in its discretion at any time after the same was made and irrespective of whether it has become final under this chapter, reconsider any previous decision of the Employment Appeals Board."

thought that the case did not merit reconsideration. It would be preferable if the Board would at least identify the basis of its disposition of such legal issues, but its silence does not lay a foundation for precluding plaintiff's subsequent civil action. Nor does the unexplained affirmance of the Board's inaction by the Court of Appeals, which reviews only for errors of law or procedure and for substantial evidence, ORS 183.482, and which may have taken the same view of that inaction.

Stated at its strongest, the employer's argument is that if reasonable efforts to accommodate an employee's religious observance, as required by Title VII, is a factor in a discharge for "misconduct," then by sustaining the discharge the referee, the Board, and eventually the Court of Appeals necessarily decided that factor adversely to plaintiff. The argument imputes to the unemployment compensation process more logical and factual rigor than the process actually maintains. Although express findings and conclusions after a full hearing involving an essential and disputed issue would be entitled to preclusive effect, *see Chavez v. Boise Cascade Corp., supra; North Clackamas School Dist. v. White,* 305 Or 48, 750 P2d 485, *modified on other grounds* 305 Or 468, 752 P2d 1210 (1988), the record does not establish such a decision of the issue presented in the Title VII suit.

We therefore answer the questions certified to us as follows:

*Question 1:* The Court of Appeals could have considered whether the statutory claim of employment discrimination bore on the referee's finding of "misconduct" that was affirmed by the Board, but the court was not obliged to do so, and we cannot determine whether it did.

*Question 2:* No. In the absence of a clear rule or judicial decision establishing that an employer's attempt at reasonable accommodation must be considered in connection with an employee's general claim of religious freedom, it cannot be determined that the referee or the Board necessarily concluded that the employer had proved such an attempted accommodation by a preponderance of the evidence.

*Question 3:* No. With or without the evidence of the administrative proceedings in this case, the Board's decision, affirmed without opinion by the Court of Appeals, would not

be entitled to preclusive effect in a Title VII suit in an Oregon court.

Certified questions answered.