On court's own motion to dismiss, appeal dismissed June 14, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## WILLIAM R. RICKEY,
*Appellant.*

(M65822; CA A50120)

775 P2d 327

Before Rossman, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant appeals from convictions for assault in the fourth degree, ORS 163.160, and resisting arrest. ORS 162.315. He was sentenced and judgment was entered on his plea of guilty on September 29, 1988. The trial court set a restitution hearing for November 11, 1988. On October 27, before the hearing was held, defendant filed a notice of appeal. The hearing was continued to December 12, 1988, at which time the trial court entered an order requiring defendant to pay $266.90 as restitution to the victim. We conclude that there is no final judgment and dismiss the appeal for lack of jurisdiction.

The problem was created when the trial court set the restitution hearing for a time later than the date when the sentencing order was entered. ORS 137.106(1) provides:

> "When a person is convicted of criminal activities which have resulted in pecuniary damages, unless the presentence investigation report contains such a presentation, the district attorney shall investigate and present to the court, *prior to or at the time of sentencing,* evidence of the nature and amount of such damages. In addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim." (Emphasis supplied.)

Once defendant filed the notice of appeal, the trial court lost jurisdiction of the case. ORS 138.185(2); ORS 19.033(1). Because the trial court did not have jurisdiction to conduct the restitution hearing or to enter the December 12 order, the order is void. With the restitution matter unresolved, the judgment is not final. ORS 138.005; ORS 19.005(2); ORS 19.010.

Although we have the authority in appropriate situations to give a trial court leave to enter an appealable judgment pursuant to ORS 19.033(4),[1] the authority does not

---

[1] ORS 19.033(4) provides:

"Notwithstanding the filing of a notice of appeal, the trial court shall have jurisdiction, with leave of the appellate court, to enter an appealable judgment if the appellate court determines that:

"(a) At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and

"(b) The judgment from which the appeal is taken is defective in form or was entered at a time when the trial court did not have jurisdiction of the cause under subsection (1) of this section, or the trial court had not yet entered an appealable judgment."

extend to the present circumstances. Before exercising the authority, we must be satisfied that the trial court has decided all of the triable issues and that the only action left to be taken is entry of a judgment embodying the trial court's decision. When the notice of appeal was filed, and the trial court was thereby divested of jurisdiction, the restitution hearing had not been held and no decision had been made about whether defendant would be required to pay restitution or in what amount.[2]

Appeal dismissed.

---

[2] In *State v. Bonner,* 307 Or 598, 771 P2d 272 (1989), the Supreme Court treated the case as if *only* the *amount* of restitution was unresolved and, so, ORS 19.033(4) could be applied. Even though that conclusion is now a proper reading of the statute, it does not apply here because the trial court had not decided *whether* to require restitution.