On the court's own motion to determine appealability, appeal to proceed
November 18, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# LARRY GENE PETERSON,
*Appellant.*

## (M90-310; CA A73264)

841 P2d 666

Hari Nam S. Khalsa, Deputy Public Defender, Salem, for appellant.

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, Salem, for respondent.

Before Rossman, Presiding Judge, and Riggs and De Muniz, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

■    This is an own motion determination of appealability in a criminal case. The issue is whether the trial court had jurisdiction to enter an amended judgment adding two new conditions of probation after the notice of appeal had been filed from the original judgment when there had been no violation of probation.

Defendant was convicted of assault in the fourth degree and given a one-year sentence of probation, subject to various conditions. After he had timely appealed from that judgment, the trial court entered an amended judgment containing new requirements that defendant reimburse the state for attorney fees paid court-appointed counsel and pay the probation supervision fee. Defendant timely filed an amended notice of appeal from the amended judgment. On our own motion, we raised the question whether the trial court had jurisdiction to enter the amended judgment.

ORS 19.033(1) provides that, on the filing of a notice of appeal, the appellate court has jurisdiction of the "cause" and, inferentially, the trial court does not. ORS 19.033 applies to district court criminal cases. We issued an order for the state to show cause why the amended judgment should not be vacated on the basis that the filing of the notice of appeal ended the trial court's jurisdiction. The state relies on ORS 137.540(7), which provides that "[t]he court may at any time modify the conditions of probation" and, by analogy, on *State v. Stuve*, 111 Or App 197, 199, 826 P2d 24 (1992). The question in *Stuve* was whether a trial court could *extend* a period of probation without finding a probation violation. In that case, we held that it could under ORS 137.550(1): "The period of probation shall be such as the court determines and may, in the discretion of the court, be continued or extended." 111 Or App at 199.

■    *Stuve* did not involve, and therefore did not address, the impact of ORS 19.033 on the authority of a trial court after an appeal has been taken from a judgment imposing probation. ORS 137.540(7) states clearly that a trial court has authority, at least in the absence of an appeal, to modify the terms of probation at any time. However, no case has

addressed whether that authority is limited by ORS 19.033(1).[1]

■ The trial court has continuing jurisdiction to administer probation, which, despite an appeal, includes holding a probation revocation hearing and imposing new conditions of probation as a result of that hearing. ORS 137.540 reflects a legislative policy that trial courts should have maximum flexibility to determine conditions of probation and be able to modify those conditions "at any time." Because of the trial court's continuing jurisdiction to oversee probation, we conclude that the trial court had jurisdiction to modify the conditions of probation and to amend the judgment. The appeal will not be dismissed.

Appeal to proceed.

---

[1] The filing of a notice of appeal from a judgment in a criminal case ends the jurisdiction of the trial court to hold a *restitution* hearing and order restitution as part of the sentence. *State v. Bonner*, 307 Or 598, 771 P2d 272 (1989); *State v. Rickey*, 97 Or App 41, 775 P2d 327 (1989). Although the trial court here held a restitution hearing after the notice of appeal was filed—which it did not have jurisdiction to do—it did not impose restitution. It limited its amendment of the judgment to ordering defendant to pay attorney fees and the probation supervision fee.