On appellant Spencer's Motion For Leave to File Notice of Appeal after the time limit filed November 24, and on respondent's Motion to Dismiss Appeal filed December 6, 1993; appellant's motion for leave to file a delayed notice of appeal in CA A81978 denied; respondent's motion to dismiss appeal in CA A80193 granted September 7, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## DENNIS KEN SPENCER,
*Appellant.*

(91CR1573FE; CA A81978 (Control))

881 P2d 154

Peter Gartlan, Deputy Public Defender, for motion.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, *contra.*

## STATE OF OREGON,
*Respondent,*

*v.*

## SHANNON T. FENNER,
*Appellant.*

(92-CR-470; CA A80193)

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, for motion.

John C. Babin and Babin & Keusink, P.C., *contra.*

Before Riggs, Presiding Judge, and De Muniz and Landau, Judges.

De MUNIZ, J.

## De MUNIZ, J.

In *State v. Spencer* (CA A81978), defendant moves, pursuant to ORS 138.071(4),[1] for leave to file a delayed notice of appeal from a conditional discharge. ORS 475.245.[2] The state opposes the motion, arguing that a conditional discharge is not an appealable judgment or order. It makes the same argument in support of its motion to dismiss defendant's appeal from a conditional discharge in *State v. Fenner* (CA A80193). We consolidate the motions for purposes of deciding the issue of whether a conditional discharge is an appealable judgment or order. We deny defendant Spencer's motion for leave to file a delayed notice of appeal and grant the state's motion to dismiss defendant Fenner's appeal.

In both cases, defendants were found guilty of the crime of possession of a controlled substance, ORS 475.992, and the trial court entered a conditional discharge deferring entry of a conviction and placing the respective defendants on probation.[3] Each conditional discharge indicates that, if

---

[1] ORS 138.071(4)(a) provides:

"Upon motion of a defendant, the Court of Appeals shall grant the defendant leave to file a notice of appeal after the time limits described in subsections (1) to (3) of this section if:

"(A) The defendant, by clear and convincing evidence, shows that the failure to file a timely notice of appeal is not attributable to the defendant personally; and

"(B) The defendant shows a colorable claim of error in the proceeding from which the appeal is taken."

[2] ORS 475.245 provides, in part:

"Whenever any person who has not previously been convicted of any offense under ORS 430.400, 475.005 to 475.285 and 475.940 to 475.995 or under any statute of the United States or of any state relating to narcotic drugs, marijuana, stimulant, depressant or hallucinogenic drugs, pleads guilty to or is found guilty of possession of a controlled substance under ORS 475.992(4), the court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place the person on probation. Upon violation of a term or condition of probation, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against the person. Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime * * *."

[3] The document entered in *State v. Spencer* is entitled "JUDGMENT ON CONDITIONAL DISCHARGE PURSUANT TO ORS 475.245." In *State v. Fenner*, the document is entitled "CONDITIONAL DISCHARGE ORS 475.245."

defendant successfully completes his probation, the case against him will be dismissed.

A criminal defendant's right to appeal springs from statute. *State v. Carmickle*, 307 Or 1, 6, 762 P2d 290 (1988). ORS 138.040 provides, in part:

"Except as provided under ORS 138.050, the defendant may appeal to the Court of Appeals from a judgment or order described under ORS 138.053 in a district or circuit court * * * ."[4]

ORS 138.053 provides:

"(1)  This section establishes the judgments and orders that are subject to the appeal provisions and to the limitations on review under ORS 138.040 and 138.050. A *judgment or order of a court, if the order is imposed after judgment,* is subject to ORS 138.040 and 138.050 if this disposition includes any of the following:

"(a)  Imposes a sentence on conviction.

"(b)  Suspends imposition or execution of any part of a sentence.

"(c)  Extends a period of probation.

"(d)  Imposes or modifies a condition of probation or of sentence suspension.

"(e)  Imposes or executes a sentence upon revocation of probation or sentence suspension." (Emphasis supplied.)

Those statutes indicate that a judgment must be entered for a defendant to appeal. Thus, the question here is whether a conditional discharge is a judgment.

■■  In *State v. Bonner*, 307 Or 598, 601, 771 P2d 272 (1989), the Supreme Court said,

"if the final document from which an appeal is taken in a criminal case, whether denominated 'judgment' or something else, states on its face that the trial court intends to impose restitution at some future date, that document is not a 'judgment' from which an appeal may be taken under ORS 138.040 because it does not yet contain the complete sentence."

---

[4] ORS 138.050 describes when a defendant who has pleaded guilty or no contest may appeal and thus has no bearing on either of the cases here.

In other words, if a document indicates that the trial court intends to act further, that document cannot be the basis for an appeal. In each case here, the trial court indicated that it intended to take further action by stating on the document that it was deferring the proceedings. It also indicated that that further action would be a dismissal of the case if the defendant complied with the terms of probation. In short, the proceeding under ORS 475.425 is not finished. Thus, even if defendant Spencer correctly characterizes the conditional discharge statute as allowing the trial court to consolidate prosecution, punishment and expungement into one proceeding, appeal at this point is premature.[5]

■     Defendant Spencer also argues that he is being treated differently from other multiple conviction drug offenders, in violation of Article I, section 20, of the Oregon Constitution.[6] He asserts that the legislature must have intended a conditional discharge to be appealable, so that a first-time drug offender would be treated the same as a second- or third-time drug offender who is placed on probation and is statutorily entitled to an appeal. The argument is not persuasive, because a defendant who receives a conditional discharge is not in a similar situation as an individual with multiple drug convictions; a conditional discharge defendant has not been convicted. Neither defendant Spencer's nor defendant Fenner's conditional discharge enters a conviction. Defendant Spencer's argument implies that he is being treated more harshly than other offenders with multiple convictions, who are not eligible for a conditional discharge under ORS 475.245, because those offenders can appeal their probation sentences. To the

---

[5] We note that a conditional discharge under ORS 475.245 is distinct from the "conditional postponement" that was appealable in *State ex rel Juv. Dept. v. M. T.*, 128 Or App 25, 874 P2d 836 (1994). A conditional postponement is the juvenile court's decision as to the child's care, custody and control for a finite period. 128 Or App at 29. In contrast, by entering a conditional discharge, the trial court defers a decision. We note further that a conditional discharge can only be entered with the defendant's consent. ORS 475.245. If a defendant objects to the terms of a conditional discharge, he or she can refuse to consent. The trial court then enters an adjudication of guilt and proceeds as otherwise provided.

[6] Article I, section 20, of the Oregon Constitution provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

contrary, the conditional discharge procedure offers a defendant the opportunity to avoid a conviction. That opportunity is not offered to offenders with multiple convictions. If the court revokes a defendant's probation, enters a conviction and sentences him as required by the statute, defendant may pursue an appeal at that time. Conversely, if a defendant successfully completes probation, the case is dismissed and an appeal of the conditional discharge would be moot.

Defendants' other arguments do not merit discussion. Appellant's motion for leave to file a delayed notice of appeal in CA A81978 denied; respondent's motion to dismiss appeal in CA A80193 granted; appellant's request for attorney fees and reasonable expenses in CA A80193 denied.