Argued and submitted March 27, appeal dismissed September 6, 1995

STATE OF OREGON,
*Respondent,*

*v.*

ELDRED LAVERE CORTRIGHT,
*Appellant.*

(C931110CR; CA A84743)

902 P2d 598

Lawrence Matasar argued the cause for appellant. With him on the brief was Hoffman & Matasar.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

Defendant appeals from convictions for sodomy in the first degree, ORS 163.405, and sexual abuse in the first degree, ORS 163.427. On our own motion, we conclude that there is no final judgment and dismiss the appeal for lack of jurisdiction.

The trial court found defendant guilty of sodomy and sexual abuse and sentenced him to 24 months imprisonment and 36 months of post-prison supervision. Defendant moved for a new trial. On May 24, 1994, the trial court entered a judgment that states "any restitution and victim treatment expenses are to be determined at a later hearing to be set." On June 7, 1994, the trial court entered an order that denied defendant's motion for a new trial. On June 8, 1994, following a restitution hearing, the trial court issued a letter opinion that held:

> "With respect to the money aspect of the case, I order $400 restitution to reimburse treatment costs and a $50 victim assistance fee. Both amounts will be taken out of security posted. I will reserve further ruling on a fine until I receive pleadings/affidavit(s) from [defendant's attorney] regarding costs of retained counsel."

On July 5, 1994, defendant filed a notice of appeal of the May judgment. On August 29, 1994, the trial court signed an order that amended the May judgment, fining defendant $2,500 and ordering defendant to pay $400 in victim restitution. That order was filed on September 6, 1994.

The problem in this case is that defendant appealed from a "judgment" that was not final and, by the time the trial court attempted to enter a final judgment, defendant's appeal had deprived the court of jurisdiction to do so. Directly on point is *State v. Bonner*, 307 Or 598, 771 P2d 272 (1989). In that case, the defendant attempted a consolidated appeal from multiple convictions for burglary. The documents from which the appeal was taken, however, indicated that restitution was to be set at a future date. After the defendant had filed his notice of appeal, the trial court imposed restitution. The Supreme Court, apparently *sua sponte*, held that the defendant's appeal was premature:

"Restitution, when it is ordered, is a part of the sentence. ORS 137.106(1). It follows that, if the final document from which an appeal is taken in a criminal case, whether denominated 'judgment' or something else, states on its face that the trial court intends to impose restitution at some future date, that document is not a 'judgment' from which an appeal may be taken under ORS 138.040 because it does not yet contain the complete statement.

"As noted, that is the case here. All the documents from which each appeal was taken indicate that the sentence in each case had not been completely imposed — restitution was to be set at a given future date. It is true that the trial court did impose restitution in each case later, but the orders doing so came after defendant's appeals had divested the court of jurisdiction. The appeals in these cases were not taken from appealable judgments."

307 Or at 601. (Citation omitted.) The Supreme Court then remanded the case to this court for a determination whether the appeal should be dismissed or held in abeyance until the trial court could enter an appealable judgment pursuant to ORS 19.033(4). 307 Or at 601.

■■    In this case, the "judgment" from which defendant appeals recites that restitution had not yet been imposed, and is not a "judgment" from which an appeal may be taken. The trial court did later enter a judgment that included restitution, but that judgment was not entered until after defendant had filed his notice of appeal, which divested the trial court of jurisdiction. As in *Bonner*, therefore, defendant's appeal is premature, and we turn to whether we may avail ourselves of the procedure provided in ORS 19.033(4).

■    Under ORS 19.033(4), we have the authority to give the trial court leave to enter an appealable judgment. That authority, however, may be exercised only if we determine that:

"(a)   At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and

"(b)   The judgment from which the appeal is taken is defective in form or was entered at a time when * * * the trial court had not yet entered an appealable judgment."

ORS 19.033(4). We held, in *State v. Rickey*, 97 Or App 41, 44, 775 P2d 327 (1989), that

> "[b]efore exercising the authority [under ORS 19.033(4)], we must be satisfied that the trial court has decided all of the triable issues and that the only action left to be taken is the entry of a judgment embodying the trial court's decision."

In that case, because at the time of the filing of the notice of appeal the trial court had not yet determined whether to require restitution, we held that we did not have the authority to grant leave to enter an appealable judgment pursuant to ORS 19.033(4).[1] 97 Or App at 44.

In this case, at the time of the filing of the notice of appeal, the trial court had issued a letter opinion setting an amount of restitution, but "reserv[ing] further ruling on a fine" until receipt of further evidence from defendant. Under *Rickey*, therefore, the trial court had not yet "decided all of the triable issues," and we cannot say that "the only action left to be taken [was] the entry of a judgment." *Id*. We conclude that we do not have authority to grant leave to the trial court to enter an appealable judgment, pursuant to ORS 19.033(4).

Appeal dismissed.

---

[1] In *Rickey*, we did not explain why, in such circumstances, the requirements are not satisfied. Presumably, it is because we cannot determine that the trial court "intended to enter an appealable judgment," as required under ORS 19.033(4)(a), if the trial court has not yet decided all "triable issues."