**Paul Alan DEAN, Plaintiff—Appellant,**

v.

**Kiki PARKER; Pennie Ferrell; Klamath County, Defendants— Appellees.**

No. 01–35253.

D.C. No. CV–00–03076–JPC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2002.

Decided Aug. 30, 2002.

---

13. *Harding,* 834 F.2d at 857.

Before GOODWIN, T.G. NELSON and
W. FLETCHER, Circuit Judges.

MEMORANDUM *

The district court dismissed this § 1983
suit, holding it barred by the doctrine of
issue preclusion. Because we agree that
collateral estoppel bars the suit, we affirm
the dismissal. We do not reach the dis-
trict court's alternative holding that it was
required to abstain from exercising juris-
diction under *Younger v. Harris,* 401 U.S.
37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).
As the facts are known to the parties, we

discuss them here only as necessary to
explain our decision.

On August 5, 2000, Dean filed a com-
plaint under 42 U.S.C. § 1983, seeking
compensatory and punitive damages, costs,
and injunctive relief. The complaint alleg-
es that at the time the court ordered him
to attend sex offender treatment, the court
did not impose, or indicate that Dean
would be subject to, the condition that he
not have contact with his children. He
argues that the conditions, as imposed by
his probation officer and the treatment
program, violated his fundamental right to
live with his family without due process of
law.

Two days after filing his § 1983 com-
plaint, on August 7, 2000, Dean moved in
Oregon state court to modify his probation
and remove the condition that he undergo
sex offender treatment. In support of his
motion, Dean made the same argument
that he alleged in his § 1983 complaint:
the sex offender treatment program violat-
ed his basic civil right to live with his
family without due process of law. On Sep-
tember 1, 2000, in a "letter opinion," the
state court both denied the motion to mod-
ify Dean's probation and granted the
state's motion to revoke probation. In
addressing Dean's constitutional claim, the
state court wrote:

> Defendant complains that the prohibi-
> tion upon contacting his children inter-
> feres with a fundamental liberty interest
> and that due process of law is required
> before that right is taken away from
> him. He further asserts that the condi-
> tion cannot be imposed by the treatment
> provider alone. Although it is true that
> a probation officer (and presumably a
> treatment provider) cannot impose a
> condition that has not been imposed by
> the court, *State v. Maag,* [41 Or.App.

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as may be provided by
Ninth Circuit Rule 36–3.

133, 597 P.2d 838 (1979)], a probation officer and treatment providers can impose conditions incidental to a condition of probation ordered by the court.... The court need not specifically order that a probationer comply with [nor] order the multitude of other terms and conditions that may be incidental to a specific treatment.

Dean appealed the state court's order.

Meanwhile, defendants Parker and Klamath County moved for summary judgment in Dean's § 1983 suit.[1] They argued that the court should abstain from exercising jurisdiction or, alternatively, that the court should hold Dean's suit barred by issue preclusion. Farrell moved for summary judgment on the same theories on November 9, 2000. The district court granted summary judgment to all defendants on January 29, 2001. Dean timely appealed.

We review the district court's grant of summary judgment *de novo*. The court's decision to apply issue preclusion to Dean's § 1983 suit is also reviewed *de novo*. *See Miller v. County of Santa Cruz,* 39 F.3d 1030, 1032 (9th Cir.1994).

Issue preclusion applies to suits brought under § 1983. *See Allen v. McCurry,* 449 U.S. 90, 100–01, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). "Under the doctrine of issue preclusion, a valid and final determination in one proceeding of a necessary factual or legal issue ... may not be relitigated in a subsequent proceeding involving a party to the prior action." *Dodd v. Hood River County,* 136 F.3d 1219, 1224 (9th Cir.1998).

Federal courts must give state court judgments the same preclusive effect as the judgment would have in that state.

*See id* . at 1225; *see also* Full Faith and Credit Act, 28 U.S.C. § 1738; *McCurry,* 449 U.S. at 96, 101 S.Ct. 411. Oregon provides basic rules of preclusion by statute. *See* Oregon Revised Statutes ("ORS") 43.130(2); *see also* ORS 43.160. Oregon case law provides that issue preclusion applies if: (1) the issue in the two proceedings is identical; (2) the issue was actually litigated and was essential to a final decision on the merits in the prior proceeding; (3) the party sought to be precluded has had a full and fair opportunity to be heard on that issue; (4) the party sought to be precluded was a party or was in privity with a party to the prior proceeding; and (5) the prior proceeding was the type of proceeding to which a court will give preclusive effect. *Durham v. City of Portland,* 181 Or.App. 409, 45 P.3d 998, 1007 (Or.App.2002) (citing *Nelson v. Emerald People's Utility Dist.,* 318 Or. 99, 862 P.2d 1293 (Or.1993)); *see also Dodd,* 136 F.3d at 1225. We consider each of these factors in turn.

First, the issue Dean presented to the state court is identical to the issue he presents to us. Although Dean argues that the state court did not determine whether his constitutional liberty interest in being with his family was infringed, he does not argue that he did not present the issue to both the state court and the federal court.

Second, the issue was actually litigated and was essential to the final decision on the merits in the state court proceeding. *See Heller v. Ebb Auto Co.,* 308 Or. 1, 774 P.2d 1089, 1092 (Or.1989) ("To preclude later relitigation of an issue, the issue must

---

1. Although the defendants pled multiple immunity defenses (judicial immunity, prosecutorial immunity, and Eleventh Amendment immunity as agents of the state in enforcing Dean's probation), they did not move for summary judgment on the basis of immunity. Because they do not argue any immunity defenses to us, we do not consider whether any type of immunity applies.

have been decided and been necessary to the decision.") (citing ORS 43.160). This requirement is met if we are satisfied that the state court must have determined, in its decision denying Dean's motion to modify his probation, whether the defendants denied Dean's right to due process in infringing his fundamental right to be with his family. Dean presented his constitutional argument to the Oregon court in his motion to modify his probation. However, he argues that the state court did not necessarily "actually decide" any aspect of his constitutional claim. He argues that because trial courts have broad discretion to modify a probation order, the trial court was not required to rule on Dean's constitutional claim. *See* ORS 137.540(4)-(5) (discretion to modify order); *see also State v. Peterson*, 116 Or.App. 418, 841 P.2d 666, 666 (Or.App.1992) (ORS 137.540 reflects legislative judgment that "trial courts should have maximum flexibility to determine conditions of probation and be able to modify those conditions 'at any time.'"). However, the fact that the letter opinion actually addresses Dean's constitutional argument, and only that argument, suffices to show that resolution of the issue was actually and necessarily decided by that court. We are convinced that, having addressed Dean's constitutional claim, the court would not have upheld the disputed condition of Dean's probation had the court decided that the constitutional claim had merit. *See Dodd*, 136 F.3d at 1225–26, citing *McCall v. Dynic USA Corp.*, 138 Or.App. 1, 906 P.2d 295, 298 (Or.App.1995) (issue actually decided when, "because of the way plaintiff framed the issues in the previous action ... the [previous adjudicative board] necessarily had to decide" the same issue presented in later action); *Heller*, 774 P.2d at 1092 (issue of religious discrimination was not "actually decided" and "necessary to the decision" where unemployment claim was denied without

opinion and subsequently affirmed without opinion).

Third, Dean has had a full and fair opportunity to be heard. A party receives a full and fair opportunity to be heard "'if the parties had both a full opportunity and the incentive to contest the point at issue on a record that also was subject to judicial review.'" *Dodd*, 136 F.3d at 1226 (quoting *Chavez v. Boise Cascade Corp.*, 307 Or. 632, 772 P.2d 409, 411 (Or.1989). Dean was afforded a full opportunity to put forth his arguments in support of his constitutional claim in his motion to modify the conditions of his probation.

The fourth requirement is obviously satisfied; Dean is the party sought to be precluded and was a party in the state court litigation.

Finally, the parties agree that the order denying Dean's motion to modify his probation was a final, appealable order. *See State Farm Fire and Cas. Co. v. Sallak*, 140 Or.App. 89, 914 P.2d 697, 700 (Or.App. 1996) ("A proceeding that concludes in a judicial judgment unquestionably satisfies the final requirement of issue preclusion."). The decision has since been appealed to and upheld by the Oregon Court of Appeals. Review was denied by the Oregon Supreme Court. Thus, the prior proceeding is the "type of proceeding" to which we give preclusive effect. *Durham*, 45 P.3d at 1007.

AFFIRMED.