Submitted May 31, portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed July 7, petition for review denied October 6, 2016
(360 Or 423)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JASON JAY JAYNES,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1301620; A158217

379 P3d 960

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Karla H. Ferrall, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for using a child in a display of sexually explicit conduct, ORS 163.670, second-degree sodomy, ORS 163.395, two counts of first-degree sexual abuse, ORS 163.427, three counts of third-degree rape, ORS 163.355, and seven counts of third-degree sodomy, ORS 163.385. He was sentenced to 175 months in prison and ordered to pay, among other amounts, $1,600 in court-appointed attorney fees. He raises three assignments of error on appeal. We reject defendant's first and second assignments of error without discussion, and write only to address his third assignment, in which he contends that the trial court erred in ordering him to pay court-appointed attorney fees in the absence of evidence that he is or may be able to pay those fees. *See* ORS 151.505(3) (the court may not require a person to pay costs, including court-appointed attorney fees, unless the person "is or may be able to pay" the costs); ORS 161.665(4) (same).

Defendant and the state agree that, because imposition of those court-appointed attorney fees was not discussed at sentencing and first appeared in the written judgment, preservation was not required. *See State v. Lewis*, 236 Or App 49, 52, 234 P3d 152, *rev den*, 349 Or 172 (2010) (preservation was not required when the challenged portions of the defendant's sentence were not announced in open court but instead simply appeared on the face of the judgment); *State v. DeCamp*, 158 Or App 238, 241, 973 P2d 922 (1999) ("A party cannot be required to raise an objection contemporaneously with a trial court's ruling or other action when the party was not on notice of the trial court's intended action and had no opportunity to be present when the trial court acted."). Furthermore, the state concedes that "the record is devoid of any evidence regarding defendant's ability to pay, now or in the future, the $1,600 in attorney fees he incurred" and that, accordingly, the trial court erred in imposing those fees. We agree and accept the state's concession. *See State v. Kanuch*, 231 Or App 20, 24-25, 217 P3d 1082 (2009) (trial court lacks authority to sentence a defendant to pay court-appointed attorney fees in the absence of a determination that a defendant is or may be able to pay those fees and,

in the absence of evidence as to a defendant's ability to pay fees, the court errs in ordering a defendant to do so).

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.