Submitted June 21, portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed August 24, 2016, petition for review denied January 13, 2017 (360 Or 752)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTINE MARIE WALKER,
*Defendant-Appellant.*

Josephine County Circuit Court
13CR0702; A157093

381 P3d 1085

Pat Wolke, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Keith L. Kutler, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for first-degree burglary, identity theft, and second-degree theft. We reject without written discussion her assignment of error challenging the trial court's denial of her motion for judgment of acquittal on the first-degree burglary conviction. We write only to discuss her remaining assignment of error, which concerns the imposition of court-appointed attorney fees. In that assignment, defendant contends that the trial court erred when it ordered her to pay $440 in attorney fees because the record does not support a finding that she had the ability to pay the costs of her defense. *See* ORS 151.505(3) (the court may not require a person to pay costs, including court-appointed attorney fees, unless the person "is or may be able to pay the costs"); *see also* ORS 161.665(4) (same). Defendant acknowledges that she did not object to the imposition of fees but asserts that she was excused from the preservation requirement because the trial court did not announce at sentencing that it would impose attorney fees. We agree that preservation was not required because the trial court did not announce at sentencing that it would impose court-appointed attorney fees and the fees first appeared in the written judgment. *See State v. Jaynes*, 279 Or App 438, 379 P3d 868 (2016) (so stating).

The state concedes that, because the record was silent as to her ability to pay court-appointed attorney fees, the trial court erred in imposing them. We agree and accept the state's concession. *See State v. Kanuch*, 231 Or App 20, 24-25, 217 P3d 1082 (2009) (when the record "says nothing about whether defendant is or may be able to pay the attorney fees that the trial court ordered him to pay[,] * * * under ORS 161.665(4), the court was not permitted to order him to pay those fees").

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.