178 February 26, 2025 No. 136

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WADE ROBERT PINE,
*Defendant-Appellant.*

Clackamas County Circuit Court
20CR15089; A181070

Ulanda L. Watkins, Judge.

Submitted November 21, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from a judgment of conviction for two counts of third-degree sexual abuse, in which he was sentenced to 364 days in jail on one count and 36 months of probation on the other count. On appeal, defendant raises eight assignments of error, all involving special conditions of probation. He acknowledges, however, that he did not preserve an objection to any of the conditions, but he contends that preservation was excused for some of the probation conditions because they were not announced in open court and appeared for the first time in the judgment. The state remonstrates that the claims of error are unpreserved, do not constitute plain error, and that, even if they did meet the requirements for plain error, we should not exercise our discretion to correct the errors. As explained below, assuming without deciding that imposing the probation conditions to which defendant has assigned error constituted plain error, we would not exercise our discretion to correct the error. Accordingly, we affirm.

The pertinent background and procedural facts are undisputed and relatively few. We begin with the issue of whether preservation was required in these circumstances and reject defendant's argument that preservation should be excused given the circumstances of this particular case. Defendant asserts that specific special conditions of probation were not orally announced and appeared for the first time in the judgment.[1] In those circumstances, an appel-

---

[1] These are the specific conditions to which defendant has assigned error:

1. "Not use or possess *** marijuana/cannabis or controlled substances, except pursuant to a valid medical prescription or a properly issued medical marijuana registry card."

2. "Not enter or frequent *** any place where narcotics are used, sold, or kept, except for medical facilities or pharmacies."

3. "Not possess any narcotics paraphernalia, including smoking devices[.]"

4. "Not associate with any person known to use, sell, or possess illegal drugs or narcotics[.]"

5. "Not drive without a license and insurance and follow the requirements of the Ignition Interlock System per DMV policies for a hardship license."

6. "If the crime of conviction is a DUII, attend a DUII Victim's [Impact] Panel within 60 days of this judgment."

lant is typically excused from the preservation requirement. *State v. Walker*, 280 Or App 388, 389, 381 P3d 1085 (2016), *rev den*, 360 Or 752 (2017) (explaining that ordinary preservation is excused when the alleged erroneous term first appeared in the written judgment). That is true even when a trial court imposes a set of probation conditions by using a shorthand reference to a particular "package" of conditions (*e.g.*, the "substance abuse package" or "domestic violence package"). That is because, without more, that shorthand—while often understandable to attorneys and court staff—does not provide a defendant with sufficient notice of what the terms of probation would be, nor the opportunity to object to those terms, such that we would require preservation. *See, e.g.*, *State v. Priester*, 325 Or App 574, 581, 585, 530 P3d 118, *rev den*, 371 Or 332 (2023) (concluding that the announcement of the "DV package" of probation conditions did not satisfy the trial court's obligation to announce a sentence in open court and that preservation was excused when the terms appeared for the first time in the judgment).

Here, however, the state's sentencing memorandum had an attachment that showed it would be recommending supervised probation, including Clackamas County's "Substance Abuse Package (CLASUB)" and "Sex Abuse Package (CLASEX)." Unlike *Priester* or *State v. Macy*, 312 Or App 234, 237, 492 P3d 1277 (2021), where we observed that a shorthand reference to a probation-condition "package" such as a "drug package" "is not a term of art that means the same thing in all contexts, but *** as a general matter, *** is a package of special conditions of probation whose precise contours may vary among counties or judges," here, the exact contours of the packages referred to were both ascertainable, and there is evidence that defendant understood what was about to be imposed. The state's sentencing memorandum specified a particular substance abuse package (CLASUB) and a particular sex offense package (CLASEX).

---

7. "Submit defendant's person, residence, vehicle or property, including computers and cell phones, to search by the probation officer at any time without the benefit of a search warrant when the probation officer has reasonable grounds to believe that such a search will reveal evidence of a violation of this probation."

8. "Be financially responsible for all counseling costs incurred by the victim(s)."

In addition, defense counsel told the court that he had discussed the packages with defendant and that defendant understood what would be expected of him. At sentencing, defense counsel explained to the court:

> "I have discussed with [defendant] the expectation that the Court would order—obviously order sex offender package and what that entails. I have also discussed with him that I thought, based on the testimony and evidence presented, the Court would order the alcohol package. And so I have reviewed those with him and don't believe he has any questions about those and understands what's going to be expected of him."

As an initial matter, it is important to note what this case is not about. Defendant has not assigned error to the trial court's failure to recite the probation conditions in open court. The only issue connected with the court not announcing each probation condition at sentencing is that, because defendant failed to preserve an objection to any of the special probation conditions to which he has assigned error, he argues that he is excused from the preservation requirement and need not have preserved his claims of error. If defendant is excused from the preservation requirement, then we consider the claims of error on their merits, without evaluating the criteria for plain-error review. If he is not excused from the preservation requirement, then, because he has requested plain-error review, we would need to proceed through the plain-error criteria and then, if those are satisfied, determine whether we would exercise our discretion to correct any plain error.

We conclude that, under the circumstances presented in this case, defendant was not excused from the preservation requirement. Defendant's claims of error are not that the court failed to announce the probation conditions in open court; rather, he claims that the court erred by imposing the challenged conditions. Considering the circumstances, including defense counsel's representation to the court that he had informed defendant of the special conditions of probation and that defendant understood the forthcoming expectations, defendant had an opportunity to lodge an objection, to seek further details if that was necessary, and to make his arguments challenging the conditions.

Accordingly, we conclude that ordinary preservation rules apply, and defendant did have an obligation to preserve an argument that the court could not, as a matter of law, impose the conditions.

Having concluded that defendant is not excused from the preservation requirement, we proceed to the considerations of plain-error review. *See, e.g.*, *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (outlining requirements of plain-error review). Defendant argues that the trial court plainly erred in imposing the challenged special conditions of probation because the conditions relating to cannabis, controlled substances, and DUII were not reasonably related to the factual record supporting his convictions; because the condition relating to searches was too broad; and because the court could not order defendant to pay the victim's counseling costs without complying with the procedures for ordering restitution. We need not fully address those arguments because, assuming without deciding that the claims of error all qualify as plain error, we would not exercise our discretion to correct them. *See id.* at 630 (explaining that if the three parts of the plain-error test are met, a reviewing court must decide whether to exercise its discretion to correct the error and explain its reasons); *see also Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (describing nonexclusive list of factors to consider when deciding whether to exercise discretion to correct a plain error). In the interests of judicial efficiency, fairness to both parties, and because the error is not grave, we decline to consider defendant's claims of plain error.

Affirmed.