No. 716　　　　　August 6, 2025　　　　　525

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AUSTIN EARL GALBREATH,
*Defendant-Appellant.*

Yamhill County Circuit Court
22CR47557; A181295

Cynthia Kaufman Noble, Judge.

Submitted June 17, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joel Duran, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Remanded for resentencing; otherwise affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction, entered after a guilty plea, to driving under the influence of intoxicants (DUII). On appeal, defendant assigns error to four special conditions of probation, which appeared for the first time in the judgment: that defendant (1) "[n]ot consume or possess *** marijuana except pursuant to a medical prescription," (2) "[n]ot use or possess controlled substances except pursuant to a medical prescription," (3) "[n]ot enter any establishment whose primary income is derived from the sale of *** marijuana except pursuant to a medical prescription," and (4) "[s]ubmit to *** drug testing at the request of the treatment provider or the court, at the defendant's expense." He contends that, unlike the alcohol-related conditions of probation imposed by the trial court, the controlled-substance and marijuana conditions are not reasonably related to his DUII conviction or necessary for the protection of the public or defendant's reformation, because, he argues, there was no evidence in the record showing that defendant used controlled substances. ORS 137.540(2). We agree that the trial court erred and remand for resentencing.

Defendant argues, and the state concedes, that preservation is excused because the challenged conditions were not announced in open court and appeared for the first time in the judgment. Although the trial court referred to the challenged conditions at sentencing using shorthand—the "alcohol and drug package"—it is not "apparent somewhere in the record that all parties had the same understanding of the meaning of the shorthand phrase and what it referred to," and it is not "apparent *** that the shorthand phrase included the conditions that were eventually listed in the written judgment." *State v. Priester*, 325 Or App 574, 582-83, 530 P3d 118, *rev den*, 371 Or 332 (2023). Under those circumstances, preservation is excused. *State v. Walker*, 280 Or App 388, 389, 381 P3d 1085 (2016), *rev den*, 360 Or 752 (2017) (explaining that ordinary preservation requirements are excused when the alleged erroneous term first appeared in the written judgment).

Defendant relies on that error only to excuse preservation and asks us to opine on the merits of his arguments

as to whether the conditions are valid. In support of that approach, defendant cites our decision in *State v. Gaona-Mandujano*, 314 Or App 654, 657, 499 P3d 124 (2021), in which we addressed the validity of special conditions of probation that had not been announced in open court because they were likely to arise in the same posture on remand. The state concedes that the case should be remanded for resentencing because the special conditions were not announced in open court, and urges us not to reach the questions that defendant poses about the sufficiency of the record to support the special conditions. *See, e.g.*, *State v. Blasquez,* 340 Or App 441, 449, ___ P3d ___ (2025) (remanding for resentencing based on failure to announce special conditions in open court and declining to determine the merits of the defendant's substantive challenge to special probation conditions).

We remand for resentencing without reaching the merits of defendant's evidentiary challenge to the probation conditions. The record shows that the parties did not have the opportunity to argue about or present evidence relating to the particular special conditions of probation before the court announced that it would impose the "alcohol and drug package." Outside of the underlying alcohol-related DUII conviction, there is some bare evidence in the record regarding a 2016 drug possession conviction that perhaps could be developed with other evidence to support particular drug-related special conditions of probation that relate to the needs of defendant for the protection of the public, the reformation of defendant, or both. *See* ORS 137.540(2) (stating that a court may order special probation conditions that relate to the "needs of the probationer for the protection of the public or reformation of the probationer, or both"). Defendant contends that there is no evidence that defendant either currently uses or "ever had a problem with controlled substances." But neither party addressed that issue below in the context of any particular drug-related special conditions of probation, which only appeared later in the judgment. Under that circumstance, we will follow our recent practice of remanding for resentencing without reaching the merits of defendant's argument. *Blasquez*, 340 Or App at 449. We remand the case for resentencing so that the parties and the

trial court may address, in the first instance, whether and how the challenged conditions are reasonably related to the crime of conviction or the needs of defendant for the protection of the public or reformation of defendant, or both. ORS 137.540(2).

Remanded for resentencing; otherwise affirmed.