564 December 10, 2025 No. 1063

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RYAN THOMAS FULTON,
*Defendant-Appellant.*

Crook County Circuit Court
22CR21732; A183131

Daina A. Vitolins, Judge.

Submitted October 2, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction and sentence for felony driving under the influence of intoxicants (DUII), ORS 813.011, contending that the trial court erred by including in the judgment a $255 mandatory DUII conviction fee, ORS 813.020; ORS 813.030 (describing fee), that the court had not specifically announced on the record at sentencing. *See State v. Bonner*, 307 Or 598, 600, 771 P2d 272 (1989) (holding that the "[j]udgment in a criminal case must be pronounced in open court," and must include the sentence); *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) ("A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." (Citations omitted.)). Defendant did not object to the mandatory fee but asserts that his failure to object is excused, because the court did not explicitly mention the fee included in the judgment, and he therefore did not have an opportunity to object. The state responds that defendant had an opportunity to object at the sentencing hearing and, further, that any error is not plain. We agree with the state that the trial court's statements at sentencing put defendant on notice of the fee and that defendant had an opportunity to object to the fee or inquire about it. We conclude for those reasons that the asserted error is not preserved. Further, defendant does not assert plain error. We therefore affirm.

ORS 813.020 provides, in part, that when a person is convicted of DUII, the court

"(1) * * * shall require the person to:

"(a) Pay to the court the fee described under ORS 813.030 in addition to any fine imposed under ORS 813.010[.]"

In turn, ORS 813.030(1) provides, in part:

"The fee required by * * * 813.020(1) shall be in the amount of $255, except that the court may waive all or part of the fee in cases involving indigent defendants."

The fee of $255 is mandatory unless waived by the court for indigency.

At sentencing, the state made recommendations according to the sentencing grid. Defense counsel acknowledged that that was "the presumptive sentence" and then asked the court to consider the adverse impact on defendant of a possible jail sentence. The trial court announced that it would require defendant to

"[p]ay fines, fees and restitution as ordered. And I order you to pay the $2,000 DUII fine, with the *costs and fees* associated with that."

(Emphasis added.) Defendant made no further objection or inquiry. The judgment included the mandatory DUII conviction fee of $255.

Defendant asserts on appeal that, because the trial court did not refer explicitly to the $255 DUII fee described in ORS 813.020 and ORS 813.030, there was no opportunity for him to object or inquire, excusing preservation, and further, that the court erred in failing to announce the fee at sentencing.

The state responds that the trial court's statements regarding "costs and fees associated with" the DUII gave defendant the opportunity to object or at least to inquire about what the court meant by "costs and fees," just as defense counsel had addressed the court with defendant's concerns about a possible jail term.

We have said that preservation will be excused "'when a party has no practical ability to raise an issue.'" *State v. Mendoza*, 339 Or App 684, 687, 569 P3d 667 (2025) (quoting *Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008)). But a defendant who has "had an opportunity to lodge an objection, to seek further details if that was necessary, and to make his arguments challenging the conditions" must do so, and preservation is not excused. *State v. Pine*, 338 Or App 178, 181-82, 565 P3d 488 (2025).

We agree with the state that, in light of the mandatory nature of the $255 DUII fee, the sentencing court's reference to "costs and fees associated with" a DUII fine gave defendant sufficient notice of the potential associated DUII fee. The court's statement gave defendant sufficient notice and opportunity to inquire and object to its

imposition. We therefore conclude that defendant had notice of, and was required to preserve, an objection to the fee that was included in the judgment. In light of defendant's failure to preserve his argument made on appeal, we decline to address it.[1]

Affirmed.

---

[1] Defendant does not assert that any error by the trial court was plain, and we do not address a plain-error argument in these circumstances.