## NORRIS *v.* ATLAS STEAM-SHIP Co., Limited.

*(Circuit Court, S. D. New York. January 29, 1889.)*

COURTS—FEDERAL JURISDICTION—APPEARANCE—EFFECT.

Where the action is one of which the circuit courts have jurisdiction, under act Cong. March 3, 1887, § 1, the controversy being one between a citizen of the state and a foreign subject, and the amount in dispute exceeding $2,000, the provision of that section in relation to the district where the action shall be brought does not affect the question of jurisdiction, and the privilege it accords to defendant is waived by filing a general appearance and answering to the merits.

At Law. Motion to set aside service of summons.

Action for damages for personal injuries, brought by Abraham Norris against the Atlas Steam-Ship Company, Limited. The present motion is based on the ground that defendant, being a British corporation, is not an inhabitant of the district, and therefore cannot be sued therein. Before making the motion, defendant had appeared generally, answered to the merits, and gone to trial without raising the point.

*Everett P. Wheeler,* for the motion.
*Herman H. Shook, contra.*

LACOMBE, J. The main point raised upon this motion need not be now decided. Inasmuch as the controversy is one between a citizen of a state and a foreign citizen or subject, and the matter in dispute exceeds the sum of $2,000, it is within the class of cases in which, by the express language of the first clause of section 1 of the act of 1887, the circuit courts are given jurisdiction. *Wilson* v. *Telegraph Co.,* (FIELD and SAWYER, JJ.,) 34 Fed. Rep. 563, 564; *Denton* v. *International,* 36 Fed. Rep. 1. Whatever may be the true construction of the second clause of that section, (beginning "But no person shall be," etc.,) it affects, not the question of federal cognizance, but solely the question of the place of bringing suit by original process in cases of federal cognizance. *Fales* v. *Railroad Co.,* 32 Fed. Rep. 673. The privilege which it accords to a defendant, viz., that he shall be sued only in the district of which he is an inhabitant, is one which may be waived. *Halstead* v. *Manning,* 34 Fed. Rep. 565. It was waived in this case by filing a general appearance, and answering to the merits. In this conclusion Judge WHEELER, with whom I have consulted, concurs.