# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

SMITH v. ATCHISON, T. & S. F. R. CO. et al.

(Circuit Court, D. Kansas, First Division. October 30, 1894.)

No. 7,154.

1. CIRCUIT COURTS—JURISDICTION—ACT AUG. 13, 1888—WAIVER OF PRIVILEGE.
   The exemption of a party under the act of congress of August 13, 1888, from being sued in the circuit court, in a district other than that of his residence, is a personal privilege, and may be waived.

2. SAME—JOINDER OF RESIDENT AND NONRESIDENT DEFENDANTS.
   Where several defendants, who might be sued either separately or together, are joined in one suit, brought in the circuit court, in a district of which only a part of them are residents, the jurisdiction of the circuit court depending only on diverse citizenship, the defendants who reside in the district where suit is brought cannot move to dismiss, on the ground of want of jurisdiction, under the act of congress of August 13, 1888, and the nonresident defendants can only move to dismiss as to themselves, not as to the whole proceeding.

Bill by William Palmer Smith, a citizen of New Jersey, against the Atchison, Topeka & Santa Fe Railroad Company, a Kansas corporation, Edward Wilder and others, citizens and residents of Kansas, B. P. Cheney and others, citizens and residents of Massachusetts, J. A. Blair, a citizen and resident of New York, and D. B. Robinson, a citizen and resident of Illinois. The Kansas defendants and defendants Cheney, Blair, and Robinson move to dismiss for want of jurisdiction.

A. L. Williams, Benj. F. Tracy, Henry Wollman, Newman Erb, and M. Summerfield, for complainant.

Robert Dunlap, A. A. Hurd, and Gleed, Ware & Gleed, for defendants.

FOSTER, District Judge. The jurisdiction of the court is challenged in limine by all the defendants, both resident and nonresident, who have been served with process. The status of the parties with regard to citizenship may be stated briefly as follows:

The complainant is a citizen of the state of New Jersey. Several of the defendants, to wit, Holliday, Gleed, Severy, Wilder, and the Atchison, Topeka & Santa Fe Railroad Company, are residents and citizens of the state of Kansas. Several of the defendants are citizens of the state of Massachusetts, while others are citizens of the state of New York and of other states. The jurisdiction of this court is predicated on the diverse citizenship of the parties plaintiff and defendant, and therefore it comes under the provision of the act of 1888 limiting and defining the districts in which the suit may be brought, to wit, either in the district where the complainant resides, or the district of the residence of the defendant. These motions to dismiss are not made by the nonresident defendants alone, nor to dismiss as to them only, but are motions of the resident defendants and three nonresident defendants, to wit, B. P. Cheney, of Massachusetts, James A. Blair, of New York, and D. B. Robinson, of Illinois, to dismiss the entire proceedings for want of jurisdiction. The bill is brought to enjoin the defendants, who are alleged to be stockholders of the Atchison, Topeka & Santa Fe Railroad Company, and in control and management of the stockholders' meeting, from preventing this complainant casting his votes as a large stockholder of over 2,000 shares, under what is known as the "Cumulative System," for the choice of directors, as provided by the statutes of Kansas of 1876 and 1881. He charges in the bill that the defendants have combined together to defeat his rights in this behalf, and seeks to enforce his rights to vote his stock, and have the votes counted in the manner indicated, thus securing a representation for the minority stockholders in the board of directors. This suit was brought in the district where the railroad corporation has its existence, and where the annual meeting of the stockholders is held.

The questions presented by these motions are: First. Can the nonresident defendants challenge the jurisdiction of the court except so far as they individually are concerned? Second. Can the parties defendant who are citizens of Kansas object to the jurisdiction of the court, because other defendants are noncitizens of this district?

I have no doubt that the nonresident defendants may object to being sued in this district, and, so far as they are concerned, the suit must be dismissed as to such objecting defendants. They are sued as individuals, as stockholders; and the complainant invokes the aid of the court to control and restrain the action of the defendants, not as officers of the corporation, but as stockholders and individuals, in control of the stockholders' meeting.

I am equally as well persuaded that the defendants who are citizens of Kansas cannot object to the jurisdiction of the court on behalf of the nonresident defendants, or because such parties are made defendants. So far as they are concerned, this court has jurisdiction, and the joining of the other defendants in the suit does not affect that jurisdiction as to them. If the complainant's bill showed the other defendants to be necessary parties, the case might be otherwise; but, in a proceeding against several wrongdoers, the plaintiff may at his election proceed against any or all of them, and

those who are properly made defendants cannot object because others are omitted. It has been repeatedly decided that the exemption of a party from being sued in a district other than that of his residence, under the act of 1888, is only a personal privilege, which he may waive by proceeding with the merits of the case. So, these nonresidents may submit or object to this jurisdiction, as they may prefer. If they submit, they are bound by the judgment of the court; but, if they object, they must be dismissed hence, with their costs.

The defendants rely chiefly in support of their motion on the case of Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303. In that case the plaintiffs were copartners, one a citizen of the state of Missouri, the other a citizen of Arkansas, and the defendant a citizen of Texas. The supreme court held that the suit could not be maintained in Missouri against the objection of the defendant. Both the plaintiffs in that case were necessary parties. There could be no severing of their interests. Whether the converse of that case would hold good we need not discuss, for it is not involved here. We have, however, a case decided by the United States circuit court of California (Rawitzer v. Wyatt, 40 Fed. 609) wherein it was held that a copartnership might be sued in any district where one or more of the defendants reside. But these defendants are not copartners or joint obligors, and I do not consider that any one of them is a necessary party to these proceedings against the others.

In a later case in the supreme court (Railway Co. v. McBride, 141 U. S. 131, 11 Sup. Ct. 982) the court held this was a jurisdictional question only so far as the nonresident defendant chose to make it so. In that case the court uses this language:

"Still, the right to insist upon suit only in the one district is a personal privilege, which he may waive, and he does waive it by pleading to the merits. In Ex parte Schollenberger, 96 U. S. 369, 378, Chief Justice Waite said: 'The act of congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather 'in the nature of a personal exemption in favor of a defendant, and it is one 'which he may waive.' "

The case of Jewett v. Trust Co., 45 Fed. 801, is very much on all fours with this case. The plaintiff was a citizen of the state of Massachusetts, and brought his suit in the circuit court of Vermont against a corporation of Vermont and a corporation of the state of New York. The Vermont corporation moved to dismiss, because the other defendant was not a citizen of that state. The court overruled the motion, and stated the rule as follows:

"The other defendant might have objected to being sued in this district, but this defendant is sued in the district whereof it is an inhabitant, and has no ground to complain of that place. Full jurisdiction of suits in which there is a controversy between citizens of different states is given to the circuit courts at the beginning of section 1 of the Acts of 1887 and 1888. Exemption from suit out of the district of inhabitancy is personal to a defendant, and may be waived. Ex parte Schollenberger, 96 U. S. 369."

There are several other cases cited in support of this construction of the law, among which are McBride v. Plow Co., 40 Fed. 162; Norris v. Steamship Co., 37 Fed. 279.

It follows from what has been said that these motions to dismiss as to the nonresidents Cheney, Blair, and Robinson must be sustained, and as to the defendants, citizens of Kansas, they must be overruled. It is so ordered, to which ruling said last-named defendants duly except.