Submitted on briefs August 3, affirmed September 21, 1971

STATE OF OREGON, *Respondent, v.* DONALD
JEROME WERTHEIMER, *Appellant.*

488 P2d 1199

Michael O. Whitty, Coos Bay, and Donald Jerome Wertheimer, *in propria persona,* for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

Defendant was convicted in a jury trial of armed robbery and appeals. ORS 163.280. Different counsel was appointed to represent him on this appeal than he had at the trial level, to which he has objected. Both counsel and defendant have filed briefs. Additionally, correspondence from the defendant has accumulated in the office of the Clerk of this court, which we have reviewed. From these sources we state the assertions of alleged error upon which the defendant bases his appeal:

"A The decision of the Court in regard to the Motion on Jurisdiction.

"B The decision of the Trial Court in regard to the Motion to dismiss the Indictment.

"C The decision of the Trial Court in regard to the admissability [sic] of the testimony of Captain Richard Earle Shaffer and Mr. John Barry in regard to any alleged confessions or statements.

"D The decision of the Trial Court in regard to the Motion for Judgment of Acquittal.

"E The decision of the trial Court in the instructions which were given as to 'Desputable [sic] presumptions' and to a 'Loaded gun', as excepted to by Defendant's Counsel.

"F The conviction of the Trial Court of the Defendant."

G. The instruction on voluntary confession.

■ Defendant's arguments with reference to his motion on jurisdiction and motion to dismiss the indictment (A and B above), are based upon his claim that he was illegally extradited or taken from Minnesota to Oregon for this trial. In *State v. Fox,* 250 Or 83, 439 P2d 1009, *cert denied* 393 US 891, 89 S Ct 213, 21 L Ed 2d 171 (1968), the Oregon Supreme Court, citing many authorities, including *Frisbie v. Collins,* 342 US 519, 72 S Ct 509, 96 L Ed 541 (1951), held that the jurisdiction of the trial court is not impaired by any defect in the proceeding by which the defendant was brought into Oregon for trial.

■ C. Two police officers, one from Montana and one from Minnesota, testified regarding inculpatory statements made by the defendant to them. The first statement was made to Detective Shaffer in Billings, Montana. The defendant walked into the Billings police station and asked for Detective Shaffer. The. detective, who did not know defendant, introduced himself and listened to defendant who voluntarily told the detective about his involvement in several armed robberies, including the one in the case at bar. This detective, inasmuch as the defendant was doing the talking, did not advise the defendant of his *Miranda*[①] rights.

The defendant was shortly returned to Minnesota where Detective Barry talked with him in the presence of his attorney, advised defendant of his rights, and defendant, with his attorney listening, made a voluntary statement concerning an armed robbery in Minnesota. The detective asked whether defendant would be willing to talk with him further, and with

[①] Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

advice and consent of his attorney, the defendant said he would. The next day Detective Barry talked with him again and the defendant made a statement regarding the robbery in the case at bar.

With reference to this interview, at the *in camera* hearing Detective Barry testified:

"Q   Had you received any communication from Billings, Montana, Police Department or from the North Bend, Oregon, Police Department regarding the North Bend robbery prior to either of these discussions?

"A   No, sir, I had not."

In *Miranda* the Supreme Court said:

"* * * There is no requirement that police stop a person who enters a police station and states that he wishes to confess a crime * * * Volunteered statements of any kind are not barred * * * and their admissibility is not affected by our holding today." 384 US at 478.

We have reviewed the record of the *in camera* hearing and find that there is more than sufficient evidence to support the trial court's ruling that the testimony of both detectives about the oral admissions would be received.

D and F. The defendant's claim of error with reference to denial of his motion for judgment of acquittal and his objection to his conviction rest upon his claim of insufficiency of the evidence. He argues at length concerning the inferences that should or should not have been drawn from the evidence—inferences which the jury obviously drew unfavorably to defendant. The testimony of the barmaid he was accused of holding up positively established the major elements of the crime necessary for conviction, in-

cluding an unequivocal identification of defendant as the perpetrator of the crime. The testimony of one witness entitled to full credit is sufficient proof. ORS 41.260.

■ E and G. The trial court instructed that

"* * * [i]f a firearm is pointed at another within firing range, you are permitted but not required, to infer that the firearm was loaded."

This instruction is a correct statement of the law. *State v. Hedrick,* 224 Or 329, 331, 356 P2d 91 (1960). The instruction on disputable presumptions was in the words of the Uniform Jury Instructions and appropriate statutes. Here, if there was error in this regard it was harmless. Distinctions such as these probably should not be given in order to avoid federal *habeas corpus* proceedings. See *Colson v. Cupp,* No. 71-1246 449 F2d 730 (9th Cir 1971).

■ The other instruction in which the defendant claims there was error is a part of Oregon State Bar Uniform Jury Instruction No. 204.05 on confessions. The transcript, before it was corrected, showed this part of the instruction to read:

"* * * The confession of the defendant is *enough* to warrant his conviction without some other proof that the crime has been committed." (Emphasis supplied.)

If this were the instruction the court gave it would be erroneous. However, the court on July 27, 1971, based on a supporting affidavit of the court reporter, corrected the record to substitute the word "insufficient" for the word "enough" in this instruction. With this correction made the instruction given reads exactly the same as the uniform instruction from which

the court was reading as it was given. In *State v. Hecket,* 2 Or App 273, 274, 467 P2d 122, Sup Ct *review denied* (1970), we held that the trial court retains jurisdiction to correct the transcript even until the disposition of the cause by the appellate court. Accordingly, there is no error in this regard.

Affirmed.