Argued and submitted June 29, convictions affirmed; amended sentence vacated and remanded with instructions to reinstate the original sentence August 26, 1987

STATE OF OREGON,
*Respondent,*

*v.*

KENNETH ORLAN BRANSON,
*Appellant.*

(J86-0035; CA A42202)

741 P2d 516

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Rossman, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant appeals his convictions for robbery in the first degree and theft in the first degree and the amended sentence imposed by the trial court. We affirm the convictions but vacate the amended sentence and remand with instructions to reinstate the original sentence.

■ Defendant contends that the state's evidence was insufficient as a matter of law to sustain his convictions. We disagree. The clerk of the store that was robbed unequivocally identified defendant as the robber. The owner of the store also identified defendant as having been in the store just minutes before the robbery. The testimony of those witnesses, if believed, was sufficient evidence for a jury to find beyond a reasonable doubt that defendant committed the crimes. *See State v. Wertheimer,* 6 Or App 507, 510-11, 488 P2d 1199 (1971); *see also State v. Krummacher,* 269 Or 125, 138, 523 P2d 1009 (1974).

■ Defendant also contends that the trial court erred in amending his sentence more than three months after his notice of appeal was filed. The state concedes that defendant is correct. *See Ellis v. Roberts,* 302 Or 6, 9, 725 P2d 886 (1986); *Murray Well-Drilling v. Deisch,* 75 Or App 1, 7, 704 P2d 1159 (1985), *rev den* 300 Or 546 (1986). We accept the state's concession, vacate the amended sentence and remand.

Convictions affirmed; amended sentence vacated and remanded with instructions to reinstate the original sentence.[1]

---

[1] Defendant does not challenge the sentence originally imposed.