STATE OF OREGON,
*Respondent,*

*v.*

CHARLES WILLIAM HUTCHINSON, JR.,
*Appellant.*

(CR7-0536-16; CA A47441)

765 P2d 248

Mike Kilpatrick, Mt. Vernon, argued the cause for appellant. With him on the brief was Kilpatrick & Pope, Mt. Vernon.

Edwin N. Norton, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were David Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant was convicted by a jury of resisting arrest. ORS 162.315. He appeals, assigning as error the trial court's denial of his motion for judgment of acquittal. We affirm.

Defendant was arrested in the course of what began as a routine traffic stop in Prineville. Deputy Porter stopped defendant's vehicle for having a defective tail light. While Porter and defendant were talking behind defendant's car, Porter noticed a small red light in defendant's shirt pocket. Suspecting that defendant was recording their conversation without Porter's knowledge, a violation of ORS 165.540(1)(c), Porter asked to see defendant's tape recorder. Defendant turned, grasping the tape recorder and stepping away. Porter also reached for the tape recorder. Both parties lost their balance and fell to the ground. Porter informed defendant that he was under arrest. A struggle ensued. There was testimony at trial from which the jury could have determined that defendant wrestled and scuffled and attempted to get away from Porter. There was no evidence that defendant attempted to strike or kick him. Defendant was eventually taken into custody and handcuffed after another officer came to Porter's assistance. Porter sustained injuries in the course of the encounter, at least some of which were attributable to the fall and to the intervention of defendant's wife.[1]

ORS 162.315 provides in pertinent part:

"(1)   A person commits the crime of resisting arrest if the person intentionally resists a person known by the person to be a peace officer in making an arrest.

"(2)   'Resists,' as used in this section, means the use or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person."

The statute prohibits resistance if it "creates a substantial risk of physical injury to any person." Passive resistance and nonviolent flight are not prohibited. *State v. Crane,* 46 Or App 547, 552, 612 P2d 735, *rev den* 289 Or 903 (1980). Defendant maintains that his resistance in this case

---

[1] Defendant's wife was a passenger in defendant's car. During the struggle, she pulled Porter away from defendant by the hair, injuring Porter's neck.

was passive as a matter of law and that the case therefore should not have been submitted to the jury. We disagree. Evidence was produced to the effect that defendant was a very strong person and was difficult for Porter to control, even when another officer came to his assistance. The jury could have found beyond a reasonable doubt that defendant's conduct posed a substantial risk of injury to others.[2] The motion for judgment of acquittal was properly denied. *See State v. Branson,* 87 Or App 75, 741 P2d 516 (1987); *see also State v. Krummacher,* 269 Or 125, 137-38, 523 P2d 1009 (1974).

Affirmed.

---

[2] Nothing in *State v. Hasan,* 93 Or App 142, 760 P2d 1377 (1988), is to the contrary. In that case, the trial court found that the defendant, because of her diminutive size, did not directly create a substantial risk of physical injury by struggling against the arresting officer. She was nevertheless convicted of resisting arrest, because she incited her family and friends to interfere with the arrest. Here, the jury could find that defendant's actions posed a direct and substantial risk of physical injury.