Argued and submitted June 29, conviction affirmed; remanded for resentencing
December 2, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# JOHN KENNETH HENDERSON,
*Appellant.*

(90-1220; CA A68494)

843 P2d 459

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant pleaded guilty to intentional murder with a firearm. ORS 163.115; ORS 161.610. On December 3, 1990, the court sentenced him to 120 months in prison under grid block 11-I. On December 5, the court determined that defendant could be sentenced under ORS 163.115 and vacated the original sentence, which had committed him to the custody of the Corrections Division. Defendant was still in the Clackamas County jail when the first sentence was vacated. Defendant objected to the order vacating sentence, and the case was transferred to another judge. After memoranda were filed and hearings held, defendant reaffirmed his plea of guilty and was sentenced to life in prison with a 25-year minimum, pursuant to ORS 163.115(3).

■ Defendant first argues that the court was without authority to vacate the original sentence. That issue is not reviewable on direct appeal. Defendant pleaded guilty. His argument does not come within the scope of our review. Under ORS 138.222(4)(a), in any appeal we may review a claim that the sentencing court failed to comply with the sentencing requirements. However, that subsection is subject to the general provision that a *sentence* may be reviewed under the provisions of ORS 138.222. ORS 138.222(1). Defendant's argument challenges the vacation of the original sentence, not the sentence.

■ Defendant also argues that the court erred in imposing sentence pursuant to ORS 163.115(3). Defendant is correct. *State v. Morgan*, 116 Or App 338, 842 P2d 406 (1992).

Conviction affirmed; remanded for resentencing.