On respondent's motion for reconsideration filed August 31, reconsideration allowed; opinion (116 Or App 604, 843 P2d 459 (1992)) modified; affirmed November 3, 1993

STATE OF OREGON,
*Respondent,*

*v.*

JOHN KENNETH HENDERSON,
*Appellant.*

(90-1220; CA A68494)

861 P2d 406

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, for motion.

No appearance *contra.*

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

The state moves for reconsideration of our opinion in this case. 116 Or App 604, 843 P2d 459 (1992). Defendant was convicted of murder. On appeal, he challenged his sentence of life imprisonment with a 25-year minimum term pursuant to ORS 163.115. We affirmed the conviction and remanded for resentencing. We allow the state's motion, and affirm defendant's sentence.

Defendant was originally charged by an eight count indictment with several counts of aggravated murder, murder and felony murder. Pursuant to a plea bargain, he agreed to plead guilty to the count charging intentional murder with a firearm in return for dismissal of the other charges. He also agreed that the parties would "stipulate to matrix gridblock 11 I (120-121 months)."

Shortly after we issued our opinion, the Supreme Court held that ORS 138.222(2)(d) precludes appellate review of a sentence that results from a plea bargain.[1] *State v. Adams*, 315 Or 359, 847 P2d 397 (1993); *State v. Kilborn*, 120 Or App 462, 852 P2d 935 (1993); *see also State v. Johnston*, 120 Or App 165, 851 P2d 1156, *rev den* 317 Or 272 (1993). We were without authority to review defendant's claim that the court erred in sentencing him. Accordingly, we affirm defendant's sentence.

Reconsideration allowed; opinion modified; affirmed.

---

[1] The 1993 legislature subsequently amended ORS 138.222(2)(d). Or Laws 1993, ch 698. That law becomes effective November 4, 1993.