Argued and submitted May 4, affirmed October 13, 1999

In the matter of the Marriage of

Brian Greg HAIMOVITZ,
*Appellant,*
*and*

Angela E. Caperna HAIMOVITZ,
*Respondent.*

(96-3620-D-2; CA A102356)

987 P2d 584

Joseph M. Charter argued the cause for appellant. With him on the brief was Charter & Lori, PC.

Lee Ferguson argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

**EDMONDS, P. J.**

Husband appeals from a judgment of dissolution of marriage. ORS 107.105. We affirm because husband's arguments on appeal appear to focus on the terms of an amended judgment that was entered at a time when the trial court lacked jurisdiction.

On March 26, 1998, the trial court entered a judgment of dissolution of marriage. The property distribution under the judgment provided, in part:

> "[Wife] is awarded a 1.2% interest in the Haimovitz Family Limited Partnership, to be taken out of [husband's] 7.2%, leaving him with a 6% interest."

The trial court did not award spousal support to either party. On April 6, 1998, husband timely filed a motion for a new trial.[1] That motion contained four basic arguments: (1) as a matter of law, wife was not entitled to an interest in the Haimovitz Family Limited Partnership; (2) if wife was entitled to an interest in the Haimovitz Family Limited Partnership, then the calculation of the interest awarded in the judgment was mathematically incorrect; (3) wife's claim to any interest in the partnership was barred by the statute of limitations; and (4) wife's claim to a partnership interest was barred by the doctrine of waiver, estoppel, or laches.[2] According to the court record, no order allowing or denying the motion was entered within 55 days of March 26. As a result, the motion was deemed denied by May 21, 1998, under ORCP 64 F.[3] On June 5, 1998, husband filed a notice of appeal from the March 26 judgment. Thereafter, the trial

---

[1] Under ORCP 64 F, a motion for a new trial "shall be filed not later than 10 days after the entry of the judgment sought to be set aside, or such further time as the court may allow." Because the 10th day after entry of the March 26, 1998, judgment was Sunday, April 5, 1998, husband had until Monday, April 6, 1998, to file. *See* ORCP 10; ORS 187.010(1)(a).

[2] The parties raised no issue to the trial court under ORCP 71.

[3] ORCP 64 F provides, in part:

"The motion [for a new trial] shall be heard and determined by the court within 55 days from the time of the entry of the judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied."

court entered an order on June 30, 1998, that granted husband's motion for a new trial and amended the language from the judgment of dissolution that is quoted above to provide:

"[Wife] is awarded a money judgment against [husband] in the amount of $69,240.00 as lump sum spousal support representing the value at the time of trial of a 1.2% interest in the Haimovitz Family Limited Partnership."

On appeal, husband makes the following assignments of error:

"1. The Court, in awarding all of the marital assets to Wife and all of the debts to Husband, failed to make an equitable division of the property.

"2. The trial court erred in calculating a 1.2% interest, instead of a 0.39% interest, in the Family Limited Partnership as marital property, and then in awarding Wife lump sum spousal support of $69,240 based on a 1.2% interest.

"3. The Court erred in failing to value the personal property of the parties."

As relief, he requests that this court

"*reverse* the judgment of the trial court, eliminate the $69,240.00 judgment in favor of the Wife, award Husband an equalizing judgment of $90,000, and assign an equal amount of debt ($201,000) to each party." (Emphasis in original.)

■■ Because husband's arguments on appeal appear to focus on the judgment as amended by the June 30 order, we inquire first whether the amended judgment is properly before us. The June 30 order that purports to amend the original judgment says that it is: "DATED: June 29, 1998, and effective May 18, 1998."[4] If that reference is meant as a manifestation of the court's intention to make a *nunc pro tunc* amendment of the March 26 judgment, the order could not have that effect unless there was a ruling having the force of law on the motion on May 18. In *Gillespie v. Kononen*, 310 Or 272, 276 n 7, 797 P2d 361 (1990), the Supreme Court stated:

---

[1] We assume for purposes of this opinion only that the June 30 order when read with the March 26 judgment could constitute a proper amended judgment under ORCP 70.

> "The function of a *nunc pro tunc* entry is to make a record of
> what was previously done, but not then entered; not to
> make an order now for then, but to enter now for then an
> order previously made. The purpose of a *nunc pro tunc*
> order is to supply an omission in the record of action actu-
> ally taken but omitted from the record through inadver-
> tence or mistake, or to enter an order which should have
> been made as a matter of course and as a legal duty. Such
> an order is effective only when it records a previously omit-
> ted truth—it does not create, but only speaks what has been
> done." (Citations omitted.)

*See also State ex rel Juv. Dept. v. Dreyer*, 328 Or 332, 339, 976
P2d 1123 (1999) ("*Nunc pro tunc* orders are a manifestation
of the inherent power of a court to make its record speak the
truth, that is, to correct clerical errors at a later time so that
the record reflects what actually occurred at an earlier
time.").

■    There was no written order entered on May 18 grant-
ing the motion. In *Conley and Conley*, 97 Or App 134, 776 P2d
860, *rev den* (1989), we interpreted ORCP 64 F to mean that

> "a motion for new trial under ORCP 64F is determined
> upon entry in the trial court register of a written order dis-
> posing of the motion. In the absence of a written order
> entered in the register within 55 days of entry of judgment,
> a motion for new trial is deemed denied and a notice of
> appeal must be filed within 30 days thereafter."

Also, in *State ex rel Schrunk v. Johnson*, 97 Or App 420, 776
P2d 863, *rev den* 308 Or 382 (1989), we rejected the argument
that a trial court's oral ruling could satisfy the rule's require-
ment. In that case, after the trial court had entered a judg-
ment of conviction against a criminal defendant, it held a
hearing on a motion for a new trial, which it orally granted
under ORCP 64 G. However, no written order was timely
entered. After the 30-day period for granting the motion
under ORCP 64 G had passed, the trial court entered a writ-
ten order granting a new trial. Thereafter, the trial court
entered an amended order that was identical to the original
order, except that it indicated that the order was made "*nunc
pro tunc*" to the date that the trial court had orally granted
the new trial motion. Relying on our holding in *Conley,* we

rejected the argument that the trial court's oral ruling satisfied the requirement of the rule. We also rejected the argument that the failure to enter a timely written order could be cured by the *nunc pro tunc* order. Here, even if the June 30 order were an attempt to enter a written order about a ruling made on May 18, it is not a valid *nunc pro tunc* order under our holdings in *Conley* and *Johnson*.

██ Having held that the June 30 order has no *nunc pro tunc* effect, we turn to the issue of its efficacy in light of the fact that husband filed his notice of appeal from the March 26 judgment on June 5. "[Even when] the parties have not raised any jurisdictional issues, we are required, *sua sponte*, to determine jurisdiction." *Winn v. McGeehan*, 136 Or App 510, 514 n 5, 901 P2d 926 (1995). Once husband filed a notice of appeal, the trial court was divested of jurisdiction to amend the judgment. *See* ORS 19.270; ORS 19.275.[5] Nonetheless, husband asserts:

---

[5] ORS 19.270 provides, in part:

"(1) The Supreme Court or the Court of Appeals has jurisdiction of the cause when the notice of appeal has been served and filed as provided in ORS 19.240, 19.250 and 19.255. The trial court may exercise those powers in connection with the appeal as are conferred by law, and retains jurisdiction in the matter for the following purposes:

"(a) Deciding requests for attorney fees, costs and disbursements or expenses pursuant to ORCP 68 or other provision of law.

"(b) Enforcing the judgment, subject to any stay of the judgment.

"* * * * *

"(4) Notwithstanding the filing of a notice of appeal, the trial court shall have jurisdiction, with leave of the appellate court, to enter an appealable judgment if the appellate court determines that:

"(a) At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and

"(b) The judgment from which the appeal is taken is defective in form or was entered at a time when the trial court did not have jurisdiction of the cause under subsection (1) of this section, or the trial court had not yet entered an appealable judgment.

"(5) Notwithstanding the filing of a notice of appeal, the trial court has jurisdiction:

"(a) To enter an order under ORCP 71 or ORS 19.275 or 107.452; and

"(b) To enter an order or judgment for the purpose of implementing a settlement as allowed by ORS 19.410(3)."

ORS 19.275 provides, in part:

"(1) Any motion that requires a showing of a change of circumstances before the court may modify a judgment or decree, including a motion to

"Judgment was entered March 26, 1998. The Motion for New Trial was timely filed within 10 days of entry of judgment on April 6, 1998. ORCP 64F and 10A; ORS 174.120. The Motion for New Trial was heard and decided on May 18, 1998. The Notice of Appeal was timely filed within 30 days of the determination of the Motion for New Trial on June 5, 1998. *Propp v. Long*, 313 Or 218, 831 P2d 685 (1992); *See also, Smith and Koors*, 149 Or App 198, 202, 942 P2d 807] (1997) (appeal from amended judgment)."

To the extent that husband is arguing, under the case law that he cites, that the trial court had jurisdiction to amend the March 26 judgment after he filed his notice of appeal on June 5, those cases are inapposite.

In *Propp*, the plaintiff moved for a new trial after the trial court entered a judgment against the plaintiff. Because the trial court did not act on the motion within 55 days after the judgment was entered, the motion was deemed denied by operation of law pursuant to ORCP 64 F. Thereafter, the plaintiff appealed, and the defendant "moved to dismiss the appeal as untimely filed." *Propp*, 313 Or at 220. The court rejected that argument because the notice of appeal was timely filed from the day the new trial was deemed denied. *Propp* does not speak to the court's authority to amend a judgment after a notice of appeal is filed.

In *Smith*, the trial court entered a judgment of dissolution. Subsequently, the trial court entered an amended judgment. Thereafter, the wife filed a notice of appeal from the original judgment that did not refer to the amended judgment. The husband argued that, because the amended judgment superseded the original judgment, the wife had not appealed from a final judgment. The wife countered that the amended judgment corrected a clerical error; thus, her appeal from the original judgment as amended was appropriate. We held that the amended judgment superseded the original judgment.

Here, unlike in *Smith*, the trial court did not have jurisdiction to enter an amended judgment; consequently,

reconsider the spousal or child support provisions of a decree pursuant to ORS 107.135, may be filed with the trial court while an appeal from the judgment or decree is pending before an appellate court. The filing of a motion under this subsection does not affect the right of the appellant to pursue the appeal of the judgment or decree."

the amended judgement could not supersede the March 26 judgment while the latter was on appeal. *See also Macy v. Blatchford*, 154 Or App 313, 961 P2d 873, *rev allowed* 328 Or 194 (1998) (holding that we lacked jurisdiction to consider an amended appeal from an amended new trial order because the notice of appeal from the original new trial order was filed before the amended order was entered; thus, the trial court did not have jurisdiction to enter the amended order and that order never became final and appealable). Under the circumstances, we conclude that the only final judgment properly before us on appeal is the March 26 judgment.

All of husband's assignments of error and the relief he seeks on appeal appear to be directed at the spousal support award and the property distribution that resulted from the June 30 order. We have already held that the June 30 order has no effect because it was entered at a time when the trial court had no jurisdiction. We cannot discern from husband's assignments of error and arguments the specific positions that he would have taken with regard to the property division in the March 26 judgment. Nor do we know how wife would have responded to those arguments. Moreover, our *de novo* review of the record that led to the original judgment does not persuade us that the trial court's distribution is demonstrably inequitable. It would benefit neither the bench nor the bar to discuss further the merits of the issues that husband raises.

Affirmed.