17 P.3d 495 (2000)
171 Or. App. 506
STATE of Oregon, Appellant,
v.
Andrei LAVITSKY, Respondent.
(C9601-30470; CA A101772)
Court of Appeals of Oregon, En Banc.
Argued and Submitted February 29, 2000.
Resubmitted November 9, 2000.
Decided December 20, 2000.
*496 Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.
David D. Degner, Deputy Public Defender, argued the cause for respondent. With him on the brief was David E. Groom, Public Defender.
Before DEITS, Presiding Judge, and EDMONDS, De MUNIZ, LANDAU, HASELTON, ARMSTRONG, LINDER, WOLLHEIM and BREWER, Judges.
Resubmitted En Banc November 9, 2000.
LINDER, J.
The state appeals from an amended judgment of conviction and sentence for first-degree manslaughter, arguing that the sentencing court lacked authority to modify the sentence. Alternatively, the state asserts that, even if the court had that authority, the particular modification it madei.e., entering the amended judgment nunc pro tunc "as, of, and for June 7, 1994," which effectively gave defendant 25 months of credit on his 65-month sentencewas beyond the court's authority. We conclude that the sentencing court had authority to enter an amended judgment because the original sentencing judgment contained an erroneous term. We hold, however, that the court erred by entering the amended judgment nunc pro tunc as of the 1994 date. Accordingly, we modify the judgment to conform to our decision.
On June 7, 1994, defendant was convicted of attempted murder and was sentenced to 38 months in prison. When that judgment went into effect, the victim was lingering in a coma. The victim later died, and the state charged defendant with intentional murder. On July 23, 1996, the trial court convicted defendant on the lesser-included offense of first-degree manslaughter and imposed a presumptive sentence of 65 months' imprisonment. As a result, defendant had two convictions and sentences relating to the same event: (1) a 1994 conviction for attempted murder, with a 38-month sentence; and (2) a 1996 conviction for first-degree manslaughter, with a 65-month sentence. The 1996 judgment of conviction for first-degree manslaughter provided for the 65-month sentence to be served "concurrently with" defendant's 38-month sentence for attempted murder. The 1996 judgment further provided that defendant's sentence on his 1996 conviction would be credited with time served on the sentence for his 1994 conviction. When the 1996 judgment became effective, defendant had served 25 months for the 1994 conviction. Consequently, if the provision in the 1996 judgment crediting defendant on that sentence for time served on the sentence for the 1994 conviction had been lawful, the effective sentence on his 1996 conviction would have been 40 months and he *497 would have been required to serve 65 months of imprisonment for the two convictions combined.
Defendant appealed from the 1996 judgment of conviction on the first-degree manslaughter charge, assigning error to a ruling unrelated to his sentence.[1] Meanwhile, the Department of Corrections declined to grant defendant credit toward his sentence for his 1996 conviction, despite the notation in the 1996 judgment so directing. Because of that refusal, and while the appeal was pending, defendant filed a motion in the trial court for entry of a "corrected judgment pursuant to ORS 138.083." In that motion, defendant conceded that the trial court was not authorized to order credit toward his 1996 sentence for time served on his 1994 sentence, as it had done, and that the provision was a nullity. Defendant urged the court either to amend the 1996 judgment by imposing a downward departure sentence or to amend it in such a way that the 65-month sentence would be treated as having begun to run on June 7, 1994.
The sentencing court agreed that it erred by ordering credit for time served on the first conviction because "credit for time served is controlled by the Corrections Division [sic] * * *." The court also concluded that the attempted murder and first-degree manslaughter convictions "do not merge," and that it therefore could not use merger to achieve the same effective sentence on the 1996 conviction that it originally had attempted to impose. Finally, the court recognized that, because the sentence had been executed, the court could not modify the judgment by departing downward from the presumptive sentence. The mechanism that the court identified to achieve the sentence it originally thought defendant would servethat is, a total sentence of 65 months for both convictionswas to impose the same sentence but to change the date of the judgment. It therefore amended the judgment and dated it April 2, 1998, the date of the hearing on defendant's motion. The court then added, after that true date, "Nunc pro tunc, as, of, and for June 7, 1994," which is the date that defendant began serving the 1994 attempted murder sentence. The court explained why it made the modification:
"When I entered the judgment and said it was to run concurrently, what I failed and omitted, and I believe this would fit under [ORS] 138.083, to do was to say that I intended to relate the judgment back to the date of conviction on the [attempted murder] offense, which would have been 6-7-94, so I think my error, my clerical error, was my failure to say on the judgment nunc pro tunc to 6-7-94, which I would be willing to amend the judgment to say to try desperately to effect the court's intention."
The state appeals from the amended judgment entered in April 1998, and the parties renew the arguments they made below. In addition, they dispute whether the scope of our review encompasses the state's challenges. The parties' arguments thus frame three issues for us to decide: First, are the state's challenges to the court's authority to modify the judgment within our scope of review? Second, if so, did the original judgment contain an error that the trial court had authority to modify? Third, if the court had authority to modify the sentence, did the trial court amend the judgment and sentence in a legally authorized way? We address each issue in turn.
The dispute over our scope of review arises because the state appeals from a judgment imposing a 65-month period of incarceration, which the parties agree is the presumptive period of imprisonment under the sentencing guidelines for defendant's offense. Under ORS 138.222(2)(a), an appellate court may not review a presumptive sentence. ORS 138.222(2)(e) further provides that, subject to limited exceptions, the appellate court shall not review "any other issue related to sentencing." The potentially applicable exception here is contained in ORS 138.222(4)(a), which permits an appellate court to review a claim that "[t]he sentencing court failed to *498 comply with requirements of law in imposing or failing to impose a sentence."
We begin our analysis with the Supreme Court's decision in State ex rel Huddleston v. Sawyer, 324 Or. 597, 607, 932 P.2d 1145, cert den 522 U.S. 994, 118 S.Ct. 557, 139 L.Ed.2d 399 (1997), which examined the limitation on appellate review contained in those statutes. In Huddleston, the state filed a petition for writ of mandamus seeking to have a presumptive guidelines sentence vacated. The trial court had imposed that sentence, rather than a Ballot Measure 11 minimum, after concluding that Measure 11 was unconstitutional. The Supreme Court first had to decide whether, in an appeal to our court, the claim would be within the scope of what we could review, thus precluding mandamus as a remedy. To argue that it would be, the defendant relied on ORS 138.222(4)(a)the same subsection that concerns us here.
The Supreme Court first examined ORS 138.222(2)(a) and its prohibition of appellate review of "[a]ny sentence that is within the presumptive sentence prescribed by [the sentencing guidelines]."[2] The court determined that the terminology "presumptive sentence" was a reference "to a specified number of months of incarceration for a conviction that has been placed in the proper grid block." Huddleston, 324 Or. at 605, 932 P.2d 1145 (emphasis in original). In other words, the statute precludes review of the length of a presumptive sentence, that is, the term of months imposed.
The court then examined whether ORS 138.222(2)(a) barred appellate review of the state's challenge. On that point, the opinion is worth quoting:
"The only remaining issue under ORS 138.222(2)(a) is whether relator [the state] is seeking appellate `review' of that sentence. What relator calls into question here is the number of months of incarceration to which [the defendant] has been sentenced, even though his conviction has been placed in the proper grid block. What relator seeks is a different sentence that is not `within the presumptive sentence' for a conviction that has been placed in the proper grid block. Thus, from the text of ORS 138.222(2)(a), relator is seeking `review' of a `sentence that is within the presumptive sentence prescribed by' the felony sentencing guidelines."
Huddleston, 324 Or. at 605-06, 932 P.2d 1145 (emphasis in original).[3] In short, because the state's claim in Huddleston challenged the sentence based on its length, the limitation on appellate review contained in ORS 138.222(2) applied.
That led the court to a second step in the inquiry: whether review was nonetheless permissible under ORS 138.222(4)(a), which states an exception to ORS 138.222(2)(e)[4] and permits review of a claim that the "sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence." The court held that the exception did not apply because the state's challenge fell within the review prohibited by ORS 138.222(2)(a):
"As we have concluded, relator's petition asks for review of the number of months of incarceration to which [the defendant] has been sentenced under the presumptive sentence portion of the felony sentencing guidelines, which is the precise subject covered by ORS 138.222(2)(a), not an `other' issue covered by ORS 138.222(2)(e). That being so, ORS 138.222(4)(a) is not available."
Huddleston, 324 Or. at 607, 932 P.2d 1145. Huddleston thus holds that if a sentence is challenged based on its lengththat is, the number of months of incarcerationreview *499 is barred by ORS 138.222(2)(a), and the exception in ORS 138.222(4)(a) does not apply.
Huddleston does not fully resolve the reviewability issue in this case, but it does at least tell us that the state's claim is not barred by ORS 138.222(2)(a). Here, in contrast to Huddleston, the state does not seek review of defendant's sentence. Defendant was sentenced to the presumptive term. The state has no quarrel with the term or the length of the sentence. Just the opposite: the state contends that the number of months of incarceration imposed is exactly what it should be and that the length of the sentence should remain unchanged. What the state objects toand what it wants us to revieware procedural issues pertaining to how the sentence was imposed: the trial court's authority to amend the sentence at all and the manner in which the trial court dated the amended judgment. Thus, because the challenges here are not to the length of the sentence, review is not barred under ORS 138.222(2)(a). The remaining question, then, is only whether the issues that the state raises are reviewable pursuant to ORS 138.222(4)(a), which permits review of a claim that the "sentencing court failed to comply with the requirements of law in imposing or failing to impose a sentence."
In construing ORS 138.222(4)(a), we recently noted its narrow application and concluded that it applies only to errors of law in imposing or failing to impose the sentence itself, not to procedures that in one way or another precede the actual imposition of the sentence. State v. Sanchez, 160 Or.App. 182, 186, 981 P.2d 361, rev den 329 Or. 318, 994 P.2d 123 (1999). In Sanchez, the defendant challenged the validity of his conviction and sentence on the ground that the trial court had failed to require the court-appointed Spanish interpreter to place her credentials on the record. We held that the defendant's challenge was not reviewable pursuant to ORS 138.222, because the failure to certify an interpreter concerned the procedure that led to the imposition of the sentence and not the lawfulness of the sentence itself. Id. at 186-88, 981 P.2d 361.
Unlike in Sanchez, the state's challenges to the amended judgment in this case fit within our review under ORS 138.222(4)(a). The state's first argument is that the court did not comply with ORS 138.083, which controls when and how a court may amend a sentence when the judgment imposing the sentence has been appealed. The state's claim here is that imposition of an amended sentence was beyond the court's authority under that statute and, thus, that the sentence itself was unlawful. That contention falls squarely within the terms of what we may review under ORS 138.222(4)(a)that is, a claim that the sentencing court "failed to comply with requirements of law in imposing * * * a sentence." The same is true of the state's argument that the particular modification that the court made was legally erroneous. That claim likewise challenges the lawfulness of the sentence itself based on the court's alleged noncompliance with legal requirements in imposing the amended sentence; it is not a challenge to the lawfulness of the procedures that merely precede the imposition of a sentence. Thus, that claim, too, is within the scope of the issues that we may review.[5] We turn, therefore, to the merits of the state's arguments.[6]
*500 On the merits, the first issue is whether, apart from the sentencing court's authority to make the particular modification that it made, it had authority to make any modification whatsoever to defendant's sentence for first-degree manslaughter. The resolution of that issue depends on whether the original sentence contained an error that gave rise to the court's authority to correct or modify it. Because defendant's appeal was pending when he sought to have the sentence modified, ORS 138.083 applies. It provides, in relevant part:
"(1) The sentencing court shall retain authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment."
As we recently observed in State v. Horsley, 168 Or.App. 559, 563, 7 P.3d 646 (2000), trial courts have inherent authority to modify sentences to correct certain kinds of errors. ORS 138.083(1) is not the source of that authority, but rather it ensures that trial courts "retain" that authority notwithstanding the appeal. Horsley, 168 Or.App. at 563, 7 P.3d 646. The statute is important here because defendant had appealed the original judgment, and the trial court entered its amended judgment while that appeal was pending. Generally, the filing of a proper appeal divests the trial court of its jurisdiction to amend a judgment. See generally Caveny v. Asheim et al, 202 Or. 195, 210, 274 P.2d 281 (1954); State v. Rickey, 97 Or.App. 41, 775 P.2d 327 (1989) (filing of appeal divested court of jurisdiction to hold restitution hearing and impose restitution); State v. Branson, 87 Or.App. 75, 741 P.2d 516 (1987) (pendency of appeal divested trial court of jurisdiction to modify judgment). Thus, when an appeal has been properly filed and is pending, the court's authority to modify a criminal judgment is pursuant to the terms of ORS 138.083(1). Consequently, in this case, the sentencing court had authority to "correct" arithmetic or clerical errors and to "delete or modify" any erroneous term in the judgment and sentence.
In moving for a modification pursuant to ORS 138.083, defendant relied on the fact that the Department of Corrections had no obligation to comply with the directive in the 1996 judgment to credit defendant with time served on the 1994 attempted-murder conviction. Both the state and the sentencing court agreed that the court lacked authority to make that provision. See ORS 137.320(3); ORS 137.370. To be sure, the credit-for-time-served directive in the original order was a nullity; it had no force and effect, even if it remained in the judgment. But it was an erroneous term just the same. The court therefore had authority to delete or modify it under ORS 138.083(1). Indeed, the state effectively conceded as much below, urging that the credit-for-time-served language was "without legal authority" and that the sentencing court should delete that term from the judgment.[7]
The remaining issue is whether the sentencing court had authority to amend the judgment and sentence in the way that it *501 did-that is, to enter the amended judgment nunc pro tunc as of June 7, 1994. Literally translated, the phrase "nunc pro tunc" means "now for then." Black's Law Dictionary, 1097 (7th ed. 1999). Those words, when added to the date of an order or judgment, serve the precise and technical purpose of causing the record to reflect the actual date on which an undocumented ruling was made, either in fact or by force of law:
"The purpose of a nunc pro tunc order is to supply an omission in the record of action actually taken but omitted from the record through inadvertence or mistake, or to enter an order which should have been made as a matter of course and as a legal duty. Such an order is effective only when it records a previously omitted truthit does not create, but only speaks what has been done."
Gillespie v. Kononen, 310 Or. 272, 276 n. 7, 797 P.2d 361 (1990) (citations omitted); accord Haimovitz and Haimovitz, 163 Or.App. 244, 247-48, 987 P.2d 584 (1999).
The nunc pro tunc entry in dispute in this case did not serve that technical purpose. In sentencing defendant on June 7, 1994, for attempted murder, the court did not declare at that time that defendant would receive credit toward his 1996 sentence for first-degree manslaughter for time served on the 1994 conviction. Indeed, defendant had not at that point even committed manslaughter, let alone been charged, tried, and convicted of the crime. In other words, the purpose of the nunc pro tunc entry in this case was not, and could not have been, to "speak the truth" of what the court ordered in 1994. Rather, the court's acknowledged objective was to achieve the same sentence that it had attempted to achieve with its 1996 sentencing order. The court therefore attempted to enter the date of the judgment in such a way that defendant would be deemed to have begun serving his sentence for manslaughter before he even committed the crime.
Whatever other issues that outcome may present, metaphysical as well as legal, the straightforward problem for our purposes here is that the judgment legally cannot be dated nunc pro tunc June 7, 1994, because the court did not on that date sentence defendant on his 1996 conviction. The situation here is closely analogous to that in State ex rel. Juv. Dept. v. Dreyer, 328 Or. 332, 976 P.2d 1123 (1999). There, a juvenile court, although not using the words "nunc pro tunc," arguably provided for its order of dismissal to be deemed effective on a date earlier than the date on which the court actually granted the dismissal. The Supreme Court held that the order could not be given nunc pro tunc effect:
"Although, initially, the inclusion of that wording shows an intention on the part of the juvenile court to enter an order `nunc pro tunc,' the order is notindeed, cannot bean order of that kind. Nunc pro tunc orders are a manifestation of the inherent power of a court to make its record speak the truth, that is, to correct clerical errors at a later time so that the record reflects what actually occurred at an earlier time. See, e.g., Mullinax and Mullinax, 292 Or. 416, 424, 639 P.2d 628 (1982) (describing court's inherent authority to correct clerical errors). The juvenile court's `same effect' wording in the present case does not serve that purpose: Nothing in the record before this court suggests that the juvenile court dismissed the petition before adjudication."
Dreyer, 328 Or. at 339, 976 P.2d 1123. The same is true here. The imposition of defendant's sentence nunc pro tunc as of June 7, 1994, was error because the trial court was attempting impermissibly to have its ruling take effect before it made that ruling, rather than to have the record reflect the truth of any ruling made on the nunc pro tunc date. See also ORS 137.071(11) (criminal judgment must be signed and dated as of the date of signature).
Judgment modified to delete provision for credit for time served and to delete "Nunc pro tunc, as, of, and for June 7, 1994" from date of judgment; otherwise affirmed.
De MUNIZ, J., concurring.
In this case, the sentencing court imposed on defendant a presumptive sentence of 65 months for first degree manslaughter under the sentencing guidelines. The state appeals, arguing that the trial court erred in *502 entering an amended judgment nunc pro tunc to a date several years earlierin fact, to a date before the victim's death. I agree with the majority that that was error and that the judgment must be modified. I write separately to discuss why the issue in this case is reviewable.
As the majority notes, a presumptive guidelines sentence is not reviewable. ORS 138.222(2)(a). 171 Or.App. at 510, 17 P.3d at 497. In State ex rel Huddleston v. Sawyer, 324 Or. 597, 601-08, 932 P.2d 1145, cert. den. 522 U.S. 994, 118 S.Ct. 557, 139 L.Ed.2d 399 (1997), the court held that if review is barred by ORS 138.222(2)(a), that bar cannot be circumvented by nonetheless permitting review under ORS 138.222(4)(a), which provides that an appellate court may review a claim that a "sentencing court failed to comply with the requirements of law in imposing or failing to impose a sentence." The majority correctly concludes that this case is distinguishable from Huddleston because Huddleston indicates that subsection (4)(a) does not permit review where the issue is "the number of months of incarceration to which [a defendant] has been sentenced under the presumptive sentence portion of the felony sentencing guidelines," because that is "the precise subject covered by ORS 138.222(2)(a)[.]" Id. at 607, 932 P.2d 1145. Here, the state is not arguing that the number of months of incarceration to which defendant has been sentenced was incorrect. Rather, the state argues that the court had no authority to order the sentence imposed in this case in 1996 to be deemed to have commenced in 1994. Thus, the objection is not to the length of the presumptive sentence, but rather to when defendant began to serve the presumptive sentence. The majority correctly concludes that that is not a challenge to the presumptive sentence itself.
The difficult issue, however, is whether our own case law precludes review of the issue presented under ORS 138.222(4)(a). In State v. Sanchez, 160 Or.App. 182, 184, 981 P.2d 361, rev. den. 329 Or. 318, 994 P.2d 123 (1999), the defendant challenged the validity of his sentence on the ground that statutory requirements were not followed regarding qualification of a Spanish-speaking interpreter. The defendant asserted that the issue was reviewable because the "sentencing court failed to comply with the requirements of law in imposing or failing to impose a sentence." ORS 138.222(4)(a). This court concluded that the asserted error was not reviewable because ORS 138.222(4)(a) concerns only "the sentence itself, not procedures that lead to the actual imposition of the sentence." Sanchez, 160 Or.App. at 186, 981 P.2d 361. In reaching that conclusion, we relied on State v. Henderson, 116 Or.App. 604, 843 P.2d 459 (1992), mod. on other grounds 124 Or.App. 426, 861 P.2d 406 (1993).
In Henderson, the defendant initially was sentenced to a presumptive sentencing guidelines sentence for murder. Several days later, the court concluded that the defendant could receive a life sentence under ORS 163.115 for that crime, vacated the original guidelines sentence, and imposed sentence under ORS 163.115. The defendant argued on appeal that the court lacked authority to vacate the original sentence. This court refused to consider the defendant's argument:
"His argument does not come within the scope of our review. Under ORS 183.222(4)(a), in any appeal we may review a claim that the sentencing court failed to comply with the sentencing requirements. However, that subsection is subject to the general provision that a sentence may be reviewed under the provisions of ORS 138.222. ORS 138.222(1). Defendant's argument challenges the vacation of the original sentence, not the sentence." 116 Or. App. at 606, 843 P.2d 459. (Emphasis in original.)
In sum, under ORS 138.222(2)(a) and ORS 138.222(4)(a) as interpreted in Huddleston, we cannot review the actual length of a presumptive guidelines sentence. But under some of our own cases concerning ORS 138.222(4)(a), we cannot review anything but the sentence itself, i.e, the length of the sentence. The majority fails to recognize the tension created by our case law. The majority states:
"The state's claim here is that imposition of an amended sentence was beyond the court's authority under [ORS 138.083] and, thus, that the sentence itself was unlawful. That contention falls squarely within the terms of what we may review under *503 ORS 138.222(4)(a)that is, a claim that the sentencing court `failed to comply with requirements of law in imposing * * * a sentence.'" 171 Or.App. at 513, 17 P.3d at 499.
That statement is not reconcilable with Henderson. In this case, as in Henderson, a party appealed, arguing that the court lacked authority to amend a sentencing judgment. In Henderson, we stated that that issue was not reviewable under ORS 138.222(4)(a). In this case, we state that that issue is reviewable under ORS 138.222(4)(a). Clearly, both cannot be correct.
For the reasons stated below, I conclude that Henderson is an anomaly and should be overruled.[1] It is inconsistent with several of our subsequent cases. A comparison of the issue presented here with the issue presented in State v. Stokes, 133 Or.App. 355, 891 P.2d 13 (1995), is instructive. In Stokes, the defendant received two presumptive guidelines sentences based on two separate crimes. The trial court made findings pursuant to ORS 137.123 as to why the sentences should be served consecutively rather than concurrently. Id. at 357, 891 P.2d 13. The defendant appealed, arguing that the court erred in imposing the sentences to run consecutively. The state argued that review was barred under ORS 138.222(2)(a) because the defendant received presumptive guidelines sentences. We disagreed and concluded that the question presented was reviewable under ORS 138.222(4)(a) because the defendant's challenge was not to the presumptive terms, but to the requirement that the terms be served consecutively. Id. The present case is analogous in many ways. The state on appeal is not taking issue with the length of the presumptive sentence but is taking issue with the court's decision concerning when the term is to be served.
Likewise, State v. DeCamp, 158 Or.App. 238, 973 P.2d 922 (1999), is irreconcilable with Henderson and lends support to the conclusion that the issue presented in this case is reviewable.[2] In DeCamp, as in this case and in Henderson, an appellant argued that a trial court lacked authority to modify a sentence. Id. at 240, 973 P.2d 922. We concluded that ORS 138.222(4)(a) "provides that in any appeal from a felony conviction, this court may review a claim that the court failed to comply with the requirements of law in imposing the sentence. Defendant's challenges are in that category and, therefore, are within the scope of what we may consider." Id.
If we follow Stokes and DeCamp, the issue in this case is reviewable under ORS 138.222(4)(a); if we follow Henderson, it is not. Stokes and DeCamp are more recent and provide sound analyses of why the issues presented are reviewable. They are not so expansively written as to permit review of issues that are otherwise unreviewable under other portions of ORS 138.222 or other statutes pertaining to reviewability. They allow this court to address sentencing errors involving failure to comply with law. Henderson, on the other hand, is a one-page decision that contains no reasoning and no citation to authority for its conclusion that a challenge to a court's authority to modify a sentence is not reviewable under ORS 138.222(4)(a). This court should take this opportunity to overrule Henderson rather than leaving confusing and irreconcilable case law on the books that will undoubtedly lead to further confusion and strife about what sentencing issues are or are not reviewable on appeal.
ARMSTRONG and WOLLHEIM, JJ., join in this concurrence.
NOTES
[1] We affirmed without opinion. State v. Lavitsky, 155 Or.App. 647, 967 P.2d 532, rev. den. 328 Or. 41, 977 P.2d 1170 (1998).
[2] Actually, before the court did that, it considered whether Measure 11 impliedly repealed the sentencing guidelines for all covered crimes, making it a legal impossibility to impose a presumptive sentence on any Measure 11 crime and, thus, rendering ORS 138.222(2) inapplicable altogether. The court rejected the argument that Measure 11 had that effect. Huddleston, 324 Or. at 603-05, 932 P.2d 1145.
[3] The court went on to examine the legislative history, in case the text and context left any doubt, and determined that it reinforced the court's first-level understanding of the language.
[4] Subsection (2)(e) precludes review of "any other issue related to sentencing" except as provided in subsections (3) and (4).
[5] Compare Sanchez, 160 Or.App. at 186-88, 981 P.2d 361 (challenge to failure to establish interpreter qualifications is not within scope of review under ORS 138.222(4)(a)) and State v. Henderson, 116 Or.App. 604, 843 P.2d 459 (1992), mod on other grounds 124 Or.App. 426, 861 P.2d 406 (1993) (same for argument challenging the vacation of an original sentence and not the amended sentence itself), with State v. DeCamp, 158 Or.App. 238, 240-41, 973 P.2d 922 (1999) (challenge to sentencing court's authority to modify an executed sentence is within scope of review under ORS 138.222(4)(a)) and State v. Stokes, 133 Or.App. 355, 891 P.2d 13 (1995) (same for challenge to court's authority to order presumptive sentences to be served consecutively).
[6] The concurring opinion's essential point is that Henderson, is inconsistent with our conclusion in this case and should be overruled. In Henderson, the defendant challenged the trial court's authority to vacate his original sentence. The defendant, however, raised that challenge on appeal from a different sentence that the trial court subsequently imposed. The state argued that the defendant's challenge was beyond the scope of our review because the error alleged did not occur in the proceeding in which the trial court imposed the sentence contained in the judgment on appeal and the defendant was not claiming that the current sentence was itself unlawful. Rather, the alleged error related to a ruling that preceded the imposition of the defendant's current sentence. Although our opinion is abbreviated, we agreed, holding that the trial court's authority to vacate the original sentence was not reviewable on appeal from the subsequently imposed sentence. Henderson, 116 Or. App. at 606, 843 P.2d 459. Here, in contrast to Henderson, the state's challenge is to the sentence contained in the judgment from which it appeals and relates to a procedural error in the imposition of that sentence, not to some procedural error committed earlier and at a temporally distinct time. Henderson thus was in a significantly different posture and this case provides no opportunity to determine whether it was correctly decided.
[7] On appeal, the state primarily takes issue with the sentencing court's characterization of the error as "clerical" in nature. Defendant, in response, urges that the provision should be viewed as an erroneous term. We agree with the state that the directive to give defendant credit for time served on the earlier conviction is not a clerical error. But we also agree with defendant that the provision qualifies as an erroneous term. Our review of the record suggests to us that the parties took that view and that the court characterized the provision both as a clerical error and a legally erroneous term. Even if the court had not done so, we would treat the provision as an erroneous term on a "right for the wrong reason" rationale.
[1] I would also suggest that State v. Sanchez, 160 Or.App. 182, 981 P.2d 361, rev. den. 329 Or. 318, 994 P.2d 123 (1999), to the extent that it relies on the above-quoted material from Henderson, should be disavowed. However, because the reviewability issue presented in Sanchez differed so materially from the reviewability issue presented in this case and in Henderson, I am not prepared to state that the result in Sanchez was incorrect but merely to assert that its reliance on Henderson was misplaced.
[2] The majority implicitly acknowledges in a footnote the tension between all of these cases but fails to resolve the problems created by diverging lines of cases that point in opposite directions. See 171 Or.App. at 514 n. 5, 17 P.3d at 499 n. 5.